## PAULLING *vs.* MARSHALL AND WIFE.

[APPEAL FROM JUDGMENT OF NON-SUIT, TAKEN IN CONSEQUENCE OF RULING OF
COURT ON PLEADINGS.]

*Non-suit, appeal from judgment of ; when will not be set aside.*—Where the
defendant demurs to the plaintiff's complaint, and it is sustained by
the court, and the plaintiff excepts to the decision of the court, and
thereupon suffers a non-suit, such a non-suit must be regarded as a
voluntary, and not a necessary non-suit, and such a non-suit will not
be set aside, on an appeal under section 2759, Revised Code. That
section only applies to cases where it is necessary to make the decis-
ion of the court a part of the record, by bill of exceptions. By such
a non-suit the plaintiff is out of court, and must begin again.

APPEAL from Circuit Court of Perry.
Tried before Hon. MILTON J. SAFFCLD.

The facts are sufficiently stated in the opinion.

W. B. MODAWELL, for appellant.
BROOKS & BRAGG, *contra.*

PECK, C. J.—The appellees, in the court below, de-
murred to appellant's complaint, which being sustained,
appellant excepted to the decision of the court, and there-
upon took a non-suit, and appeals to this court, under
section 2759, Revised Code, to have the decision of the
court below revised and the non-suit set aside.

We had occasion to construe said section at the present
term, in the case of *Darden v. James.* In that case we
held, that the right to appeal to this court to have a non-
suit set aside, is given by said section, and as the right de-
pended wholly upon said section, it was to be confined and
limited to cases clearly within its purview and meaning;
that said section did not apply to decisions of the court
made on demurrers to the pleadings, but only to such de-
cisions as are necessarily made a part of the record by a

bill of exceptions; and, as a bill of exceptions is never necessary to enable the plaintiff to revise the decision of the court, sustaining a demurrer to his complaint, such a decision did not authorize him, under said section, to suffer a non-suit, and appeal to this court to have the same set aside.

We remain satisfied with the construction of said section then given. Without doing violence to the plain meaning of said section, no case can be embraced by it where the decision to be revised necessarily forms a part of the record, without a bill of exceptions, and in such a case it can never be said to be necessary for the plaintiff to suffer a non-suit; and if he takes a non-suit, when it is not necessary for him to do so, it must be regarded as a voluntary, and not a necessary, non-suit, and he is thereby out of court, and must begin again.

Let the appeal be dismissed.