# Amerson *v.* Montgomery and Mobile Railroad Company.

*Action against Railroad Company, to recover Damages for Personal Injuries.*

*Nonsuit; when appeal lies.* — A nonsuit, taken by the plaintiff in consequence of the ruling of the court sustaining a demurrer to his complaint, is voluntary, and not revisable on appeal under section 2759 of the Revised Code.

APPEAL from the Circuit Court of Conecuh.
Tried before the Hon. P. O. HARPER.

This action was brought by the appellant, an infant, who sued by his next friend, to recover damages for personal injuries sustained by him in attempting to get off the defendant's cars, while the train was in motion, under the orders of the conductor. The court below sustained a demurrer to the original complaint, and the plaintiff then filed an amended complaint, to which the court again sustained a demurrer. In consequence of these rulings of the court, the plaintiff took a nonsuit, with a bill of exceptions ; and he now moves to set aside the nonsuit, assigning as error the rulings of the court on the demurrers to the complaint. The appellee submitted a motion to dismiss the appeal, on the ground that an appeal does not lie from such a nonsuit ; and the cause was submitted at the same time on the merits.

PAGE & HERBERT, for the motion, cited *Paulling* v. *Marshall*, 47 Ala. 270 ; and *Darden* v. *James*, at the last term.

S. J. CUMMING, *contra*, contended that section 2759 of the Revised Code, like the act of 1846, authorizes a nonsuit in consequence of the adverse rulings of the court on the pleadings ; and that a nonsuit cannot be considered voluntary, when

the repeated rulings of the court on his complaint deny his right of action. He cited the following cases: *Palmer* v. *Rice*, 28 Ala. 430; *Vincent* v. *Rogers*, 30 Ala. 471; *Downs* v. *Minchew*, 30 Ala. 86; *Duncan* v. *Hargrove*, 22 Ala. 150; *Tate* v. *McCreary*, 21 Ala. 499; *Shields* v. *Burns*, 15 Ala. 818.

PETERS, C. J. — I have carefully examined the case presented by the record, and cannot perceive any distinction between it and the case of *Paulling* v. *Marshall & Wife*, 47 Ala. 270. In this latter case it was said: "Where the defendant demurs to the plaintiff's complaint, and it is sustained by the court, and the plaintiff excepts to the decision of the court, and thereupon suffers a nonsuit, such a nonsuit must be regarded as a voluntary, and not as a necessary nonsuit; and such a nonsuit will not be set aside on appeal, under section 2759 of the Revised Code." This is precisely the present case. The nonsuit will not be set aside in such a case. *Darden* v. *James*. The judgment of the court below is affirmed.