# Rogers's Administrator *v.* Jones.

### *Action on Official Bond of County Administrator.*

1. *Nonsuit ; what is revisable on appeal.* — The rulings of the court below on the pleadings appear of record, and are not the subject of a bill of exceptions ; and on appeal from a nonsuit (Rev. Code, § 2759), these rulings though excepted to, are not revisable.

2. *Variance in description of chancery decree.* — In an action on the official bond of an administrator against him and his sureties, founded on a decree in chancery, which is alleged in the complaint to have been rendered on a final settlement of his administration made by him, issue being joined on the plea of *nul tiel record*, a decree rendered against the administrator, on a bill filed against him by a distributee, to correct alleged errors in a final settlement made by him in the probate court, is not admissible evidence.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JAMES Q. SMITH.

This action was brought by the administrator of Marcus Rogers, deceased, against Thomas J. Orme and the sureties on his official bond as general administrator of Montgomery county. The complaint alleged the appointment of said Orme as county administrator, by the probate court of Montgomery, on the 20th June, 1856 ; the execution of his official bond, with his co-defendants, Jason G. Jones and Amos Jones, as sureties, and its acceptance by the court ; the grant of letters of administration to him, as county administrator, on the estate of John R. Rogers, deceased, who was the father of said Marcus Rogers, the plaintiff's intestate ; that he received assets to a large amount belonging to said estate ; that afterwards, " and before the death of plaintiff's intestate, the said Orme made, in the chancery court sitting at Montgomery, a final settlement of his administration on the estate of said John R. Rogers, and the said court rendered against the said Orme, as such administrator, on the 9th day of April, 1868, a decree in favor of plaintiff's intestate for the sum of $3,000, with interest from the 18th day of June, 1866 ; " and the non-payment of this decree was assigned as a breach of his official bond. The death of said Orme was suggested pending the suit, and

[Rogers's Administrator *v.* Jones.]

the suit was allowed to abate as to him. The summons was not executed on Amos Jones. Jason G. Jones appeared, and filed fifteen pleas in bar. Several of these pleas alleged, that the defendant was discharged from liability on the official bond of said Orme, before any breach had occurred, and before the rendition of said decree, and that the said probate court had accepted another bond from him, with other sureties; and to these pleas a demurrer was overruled. Issue was joined on the other pleas; one of which averred, that "no such settlement was ever had in the chancery court at Montgomery, as that set out in said complaint."

On the trial, as the bill of exceptions shows, the plaintiff offered in evidence a transcript of the proceedings and decree in the chancery court at Montgomery, under a bill filed by said Marcus Rogers against Thomas J. Orme, the object of which was to correct certain alleged errors in a final settlement of said Orme's administration on the estate of said John R. Rogers, made by him in the probate court of Montgomery on the 18th June, 1865; and by the decree of said chancery court, rendered in said cause on the 9th day of April, 1868, a judgment for $3,000 was rendered against said Orme, in favor of said Marcus Rogers, with interest from the 18th day of June, 1866. The court excluded this transcript as evidence, on the defendant's objection; to which the plaintiff excepted. The bill of exceptions recites that, "from the ruling of the court in excluding said transcript as evidence, it became necessary for the plaintiff to take a nonsuit, with a bill of exceptions;" and it also recites that an exception was reserved by the plaintiff to the rulings of the court on the demurrers to the pleas. The overruling of the several demurrers, and the exclusion of the transcript, are now assigned as error.

R. M. WILLIAMSON, with E. J. FITZPATRICK, for appellant.

P. T. SAYRE, with STONE & CLOPTON, *contra.*

BRICKELL, J. — In the absence of statutory provisions authorizing it, a writ of error, or appeal, would not lie from a voluntary nonsuit, or a nonsuit taken by the plaintiff in consequence of adverse rulings of the court. *Cain* v. *Byrd*, 1 Stew. 189; *Tate & Tate* v. *McCrary*, 21 Ala. 499. The Code authorizes an appeal from a nonsuit suffered by the plaintiff because of adverse rulings of the court, and the reservation of the facts, point, or decision, *by bill of exceptions, as in other cases.* R. C. § 2759. The construction of this statute has been, that decisions upon the pleadings, which appear of record, and which are

[Rogers's Administrator v. Jones.]

not the subject of a bill of exceptions, are not revisable under it. *Palmer* v. *Bice*, 28 Ala. 430; *Paulling* v. *Marshall*, 47 Ala. 270. The bill of exceptions in this case recites, that the nonsuit was taken in consequence of the rulings of the circuit court in the rejection of certain evidence offered by the plaintiff. In this state of the record, we cannot consider the decision of the court on any question of pleading. We are confined in our inquiry to the propriety of the exclusion of the evidence. *Vincent* v. *Rogers*, 30 Ala. 471.

2. The averment of the complaint is, that Orme, the administrator, and the principal of the appellees, made in the court of chancery a final settlement of his administration of the estate of John R. Rogers, on which a decree was rendered for a specified sum in favor of appellant's intestate. Among other pleas interposed, is the plea of *nul tiel record*. To support this averment of the complaint, the plaintiff offered in evidence the record of a decree of the court of chancery, rendered on a bill filed by his intestate in his life, under the statute (R. C. § 2274) authorizing any party injured, within two years after the final settlement of an administration in the court of probate, by bill in chancery to correct any error of law or fact, occurring in such settlement, without fault or neglect on his part. This record, on objection, the court refused to admit as evidence. A decree of the court of chancery is essential to the maintenance of this action. No action at law on the bond of an executor or administrator can be sustained, until there has been a judgment of a court of competent jurisdiction, fixing his liability. The decree of a court of chancery, ascertaining his liability, will authorize an action on the bond. In pleading, the general rule, especially applicable to records, is, that no allegation, descriptive of the identity of that which is legally essential to the claim or charge, can ever be rejected. 1 Green. Ev. § 56. The decree, as we have said, is essential to the maintenance of the action. The description of that decree in the pleading is, that it was rendered on a final settlement made by the administrator in the court of chancery. The import of this description is a settlement in which the administrator was the actor; and of that settlement, a settlement in the court of probate is not an indispensable element. Indeed, there could not have been a final settlement in the court of probate, consistently with the decree in chancery described in the pleading. The decree offered in evidence was rendered on a bill filed *against* the administrator. He was not the actor, but was proceeded against. To the validity of that decree a final settlement made by the administrator in the court of probate was indispensable. It is an error in a final settlement in the court of probate only, that the court of chancery under the statute

[Trimble *v.* Isbell.]

can correct. An error in a partial or annual settlement would be capable of correction on the final settlement in the court of probate. The decree rendered in chancery does not vacate or annul the settlement in the court of probate. It does not open and unravel the accounts stated and settled in that court. It simply corrects specified errors intervening in that settlement. To the identity of the decree, described in the complaint, a final settlement in the court of chancery, in which the administrator was the actor, was indispensable. A final settlement in the court of probate was not a fact necessary to the decree of the court. Between the record described in the complaint, and that offered in evidence, there was a palpable variance, and the circuit court did not err in its rejection.

The judgment is affirmed.