# Perry v. Danner & Co.

*Action on Common Counts, for Storage of Goods.*

1. *Nonsuit; when revisable.*—Under the settled construction of the statute (Code, § 3112), a voluntary nonsuit, taken in consequence of an adverse ruling on demurrer, not being a matter to which a bill of exceptions can properly be taken, is not revisable.

2. *Exception to exclusion of evidence; presumption in favor of judgment.*—When an exception is reserved to the exclusion of evidence, which is not set out, and the relevancy and materiality of which are not shown, this court will presume that it was properly rejected.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WM. E. CLARKE.

This action, with several others (which were consolidated), was brought by N. W. Perry, against the persons composing the firm of A. C. Danner & Co.; and in the complaint filed in the Circuit Court, the plaintiff claimed $62, alleged to be due by account on the 1st June, 1882, and on account stated on that day, " and for storage room by plaintiff made and provided in and about the storing and keeping of certain goods and chattels, stored and kept for said defendants on certain premises of the said plaintiff," &c. The defendants filed a special plea, as follows: " That the lumber, for the storage of which on the land described in the complaint said plaintiff sues, was kept on said land during defendants' occupancy thereof under a claim

of right to the possession of said land adverse to the plaintiff's claim of right thereto; and that defendants' said adverse possession under said claim continued until it was interfered with by the process of the District Court of the United States at Mobile, sitting in bankruptcy, which court, by its interlocutory injunction, made in a certain cause therein then and yet pending, wherein one W. C. Gaynor, as assignee of said Perry and others, bankrupts, was petitioner, and these defendants were respondents, enjoined these defendants from any further holding of said lands, or other interference with them, until the further order of said court. And defendants say, that said proceeding in said court of bankruptcy is still pending and undetermined, and involves the right of said Gaynor, and said plaintiff as his pretended lessee, to the possession of said land as against these defendants, and the right of plaintiff to the possession thereof during the time sued for herein; which possession of plaintiff is merely the result of defendants' enforced obedience to the provisional, *ex-parte* injunction of said court. And defendants aver, that they have made no promise or contract, as alleged in said complaint; and that said Perry entered under said writ of injunction, and under said Gaynor, the petitioner in said cause; and therefore said United States court should alone maintain cognizance of said litigation, and plaintiff should not have his said action in this court." The court overruled a demurrer to this plea, and issue being then joined between the parties, as the bill of exceptions recites, "the plaintiff, to sustain the issue on his part, offered to introduce evidence to sustain the counts of the complaint filed in the cause. The defendants objected to the same, on the ground that the same was immaterial and irrelevant, and that the only issue was the truth or falsity of the defendants' plea. The court sustained the objection, and excluded said evidence; and the plaintiff excepted to the action of the court in sustaining said objection, and in excluding said evidence. Whereupon, the plaintiff prayed, and the court granted him a nonsuit, with a bill of exceptions." The judgment-entry recites that, "on account of the rulings of the court upon the plaintiff's demurrer and offer of evidence, the plaintiff was granted a nonsuit, with leave to file his bill of exceptions."

The overruling of the demurrer to the plea, and the rejection of the evidence offered, are now assigned as error.

F. G. BROMBERG, for appellant.

PILLANS, TORREY & HANAW, *contra*.

SOMERVILLE, J.—It may now be considered as the settled construction of section 3112 of the present Code (1876),

[Mobile Life Insurance Co. v. Pruett.]

that when a voluntary *nonsuit* is taken by a plaintiff, under its provisions, in consequence of an adverse ruling on demurrer, such ruling on demurrer can not be reviewed in this court under this section, which is identical with section 2759 of the Revised Code of 1867.—*Mathis v. Oates*, 57 Ala. 112, and cases cited. Decisions upon pleadings, which are matters of record, and not the subject of a bill of exceptions, are not revisable under this statute.—*Rogers v. Jones*, 51 Ala. 353; *Vincent v. Rogers*, 30 Ala. 471.

We can not see that the court erred in excluding the evidence alleged to have been offered by the appellant, in support of the averments of the complaint. The record fails to show what was the nature or character of this evidence. Nor is it even stated that it was either relevant or material to the issue in dispute, or that it was not mere hearsay. We are not authorized to assume any of these facts, in order to put the court below in the attitude of making an erroneous ruling. The judgment must be presumed to be free from error, unless the record affirmatively shows the contrary.

Affirmed.