# Bain v. Wells *et al.*

*Action of Trespass against Sheriff for Wrongful Levy.*

1. *Statute of frauds not available to stranger to the agreement.*—Where lands of a decedent are rented publicly by the administrator, and an attachment at the suit of the administrator is afterwards levied on the crop, resulting in judgment against the tenant, and a stranger claiming the crop levied on, sues the sheriff for an unlawful levy, he, (claimant) cannot be heard to say the contract of renting was in parol and, therefore, void under the statute of frauds.

2. *Conclusiveness of judgment for rent.*—A judgment rendered for the plaintiff in a suit by a landlord against his tenant for rent is conclusive on the latter so long as it remains in force, there being no fraud or collusion, that the relation of landlord and tenant existed, and, upon a stranger, of the amount due for rent.

3. *Estoppel in pais.*—When a person by word or conduct voluntarily induces another to act on a belief in the existence of a certain state of facts, he will be estopped as against him to allege a different state of facts.

4. *Same; case at bar.*—Where a landlord in attachment obtains judgment against his tenant for rent, and the sheriff goes upon the rented lands with an execution, issued on the judgment, to levy on the crop, which is pointed out to him by a third person as having been grown on the rented land, such person cannot, afterwards, in a suit by him against the sheriff for an unlawful levy be heard to say that the crop so levied on was grown on lands belonging to him or his wife.

5. *Plea of res adjudicata.*—A plea which fails to state what the issues were in the former suit which determined any right or contention of the plaintiff in the pending action is wholly insufficient as a plea of *res adjudicata.*

6. *Demurrer to a plea as a whole that is good in part.*—Where a plea combines averments of facts which are insufficient as a defense to the action with averments which constitute a good defense, and a demurrer is interposed to the plea as a whole, the demurrer is properly overruled.

7. *Landlord and tenant.*—Where an administrator in December 1890 publicly rented lands of his decedent for the year 1891 which lands were then in possession of the tenant for 1890, who, with the consent of the renter for 1891, held over and continued in possession of the land during 1891, the relation of landlord and tenant existed in 1891 between the holding over tenant and new renter.

8. *Liability of crop of sub-tenant for rent.*—Although there is no pri-.

vity of contract between a sub-tenant and the landlord, the crops raised by the derivative lessee, is subject to the rental contract between the landlord and tenant.

APPEAL from the Circuit Court of Marshall.

Tried before the Hon. JAMES A. BILBRO.

This action was brought by the appellant, George Bain, against the appellee, M. G. Wells, as sheriff, and the sureties on his official bond, to recover damages for the unlawful taking of several hundred bushels of corn, alleged to have been the property of the plaintiff.

The defendant pleaded four pleas. The 1st was the general issue. The 2d plea averred justification under a landlord's writ of attachment for rent. There was a demurrer sustained to the third plea. Defendant then filed a fourth plea alleging in substance that plaintiff was for the year 1890 a tenant of one A. J. McDonald as to certain lands; that at the termination of this lease plaintiff failed to surrender to said McDonald, but continued to hold over during 1891; that said McDonald rented said lands to one J. S. Bain Jr., a brother of plaintiff for 1891; that plaintiff held said lands during 1891 by collusion with said J. S. Bain Jr. and as his sub-tenant raised a crop thereon in 1891; that said McDonald sued out a writ of attachment against said J. S. Bain Jr., for the collection of the agreed rent and that the said J. S. Bain Jr., not having sufficient crop grown on said land, said writ was levied on the crop of plaintiff grown on said land, it being the corn sued for; that the writ was duly returned; that said corn was subject to said landlords lien arising from said relation; that said corn was subject to said writ of attachment; that the cause of *McDonald v. Bain Jr.*, was tried at the fall term 1893 of the Circuit Court; that at said trial plaintiff acting in collusion with J. S. Bain Jr., aided and assisted him in the defense; that one of the issues in said cause was the collusion of plaintiff and said J. S. Bain Jr., and this issue was found in favor of McDonald, and plaintiff and J. S. Bain Jr., found to be the tenants of McDonald; that McDonald recovered judgment against J. S. Bain Jr., in said cause, and that said judgment remained in full force and effect.

Plaintiff demurred to the plea upon the following grounds: "(1.) Plaintiff was not a party real or nominal to said cause of *McDonald v. Bain*, (2.) That the

convential relation of landlord and tenant did exist between plaintiff and McDonald, (3.)  That plaintiff was liable to McDonald only for use and occupation, and (4) The plea alleges that the part the plaintiff took in the defense of said cause was by collusion"—which demurrer the court overruled.

.The defendant was allowed to introduce in evidence, against the separate objection and exception of the affidavit for attachment, the writ of attachment, the complaint the pleas, and the judgment entry in the case of McDonald, administrator, against J. S. Bain, Jr.  The objection to each part of this testimony was on the ground that it was illegal, irrelevent, immaterial and was *res enter alios acta*.  The defendant also introduced evidence of the presence of the plaintiff at the trial of the case of McDonald against Bain, and that he took in the trial and made suggestions as to the conduct of the defendants, and was a witness on said trial.  The plaintiff interposed the same objections to this evidence, and separately excepted to the court's overruling his objections.

Upon the introduction of all the evidence, the plaintiff requested the court to give to · the jury the following written charges, and separately excepted to the court's refusal to give each of them .as asked :  (1.)  "If the jury believe the evidence, they will find for plaintiff on defendant's second plea."  (2.)  "If the jury believe the evidence, they will find for plaintiff on defendant's fourth plea."  (3.)  "If the jury believe the evidence, they will find for the plaintiff, and the measure of his damages is the value at the time of the taking of the corn seized less the corn raised on the rented premises, ,with interest thereon."  (4.)  "The court charges the jury that the writ in evidence is no protection to the defendant for taking this corn."  (5.)  "If the jury believe the evidence, they will find for the plaintiff for all of the corn seized, except the corn raised on the land which plaintiff rented from McDonald for the year 1890; and the extent of the damages is the value of the corn at the time of the taking, with interest thereon down to the present time."  (6.)  "If George Bain, at the time the levy was made, told the sheriff that the corn was his, and if he levied on it he would make him or McDonald pay for it, then your verdict should be for the plaintiff;

[Bain v. Wells *et al.*]

if you believe the evidence in this case, for all the corn levied on, except what was raised on the land rented by plaintiff from McDonald."

At the request of the defendant, the court gave to the jury, the following written charges, and to the giving of each of these charges plaintiff separately excepted : (1.) "If you find that the plaintiff pointed out the corn to the sheriff at the time of the levy as the corn grown on the place rented from McDonald, then plaintiff can recover nothing even though the corn belonged to plaintiff." (2.) "If the jury find from the evidence that George Bain informed Wells or pointed out to Wells the corn in the crib as the corn grown on the place McDonald had rented to him, George Bain, in 1890, and which he had and cultivated in 1891, then defendants are guilty of no wrong and your verdict should be for them." (3.) "If the jury find from the evidence that the plaintiff made statements to the sheriff which were reasonably calculated to and did lead the sheriff to believe that the corn in the crib levied on was grown on the rented premises, and made no suggestion or intimation to the sheriff that other corn than that grown on the rented premises was in the crib, then the plaintiff can not recover."

There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

O. D. STREET, for the appellant.—As a plea of *res judicata* the 4th plea is fatally defective.—2 Black on Judg., § 540; *Shroeder v. Lahrman*, 26 Minn. 87; *Baptist Church v. Manchester*, 33 Am. St. Rep., 893. As a plea of justification under legal process it is also defective. The facts of said plea do not show the existence of the conventional relation of landlord and tenant between McDonald and J. S. Bain, Jr., which authorize the issuance of an attachment and its levy upon plaintiff's crop, conceding that plaintiff was the sub-tenant of J. S. Bain, Jr. The contract of renting to J. S. Bain, Jr. was in its inception void under the statute of frauds as it was not to be performed within twelve months, and was merely oral.—*White v. Levy*, 93 Ala. 484; *Martin v. Blanchett*, 77 Ala. 288 ; *Cornnelies v. Theiss*, 31 Ala. 412 ; *Scroggins v. Blackwell*, 36 Ala. 351; *Smith v. Pritchett*, 13 So. Rep., 569.

[Bain v. Wells *et al.*]

The contract of renting, as stated, betwen McDonald and J. S. Bain, Jr., being void under the statute of frauds; actual occupation by J. S. Bain, Jr. of the rented premises would have rendered J. S. Bain, Jr. liable to McDonald only for use and occupation.—*Crommelin v. Theiss*, 31 Ala. 412; *Little v. Martin*, 20 Am. Dec., 688 ; *Smith v. Pritchett*, 13 So. Rep., 569 ; *Anderson v. Critcher*, 37 Am. Dec., 72; *Wamack v. Harlow*, 31 Am. St. Rep., 209. The averment of J. S. Bain's tenancy is therefore not sustained by the proof, and there is no testimony that plaintiff was a tenant of J. S. Bain, Jr.

While plaintiff might have intervened in the cause of *McDonald v. Bain, Jr.*, and had the levy vacated on this ground, he was not bound to do so, and his failure to do so does not preclue him from taking advantage of it now. The remedy given the sub-tenant to move a vacation of the levy is cumulative and under familiar principles does not impair any other remedy he may have had. Code, § 3066; *Lehman v. Howze*, 73 Ala. 302. Nor is there any estoppel by record or former judgment, to help out defendant's lack of proof on this point. The record which is introduced, in *McDonald v. Bain, Jr.* fails to show that one of the issues in that cause was the fact of Bain, Jr.'s tenancy, and plaintiff's sub-tenancy. On the contrary it is shown that the only issue in that case was indebtedness *vel non*.—*Giddens v. Bolling*, 93 Ala. 92. How the question of the tenancy of J. S. Bain and the sub-tenacy of plaintiff arose on this issue is not shown by the evidence. No such issue in fact arose and this necessary element of estoppel by judgment is lacking. Furthermore, the parties in *McDonald v. Bain, Jr.*, both plaintiff and defendant, were entirely different. There being no evidence therefore to sustain the allegations of the 4th plea that J. S. Bain was McDonald's tenant, and that plaintiff was J. S. Bain's sub-tenant, the court manifestly erred in refusing to give the 2nd charge requested by plaintiff instructing the jury to find for plaintiff on this plea.

The writ of attachment was issued against J. S. Bain, Jr. in a suit brought against him by McDonald as administrator of his father's estate ; it clothed the sheriff with no authority to levy upon the crop of anybody except J. S. Bain, Jr., or his sub-tenants. J. S. Bain, Jr. had no interest whatever in this corn ; it was the prop-

erty of plaintiff, and plaintiff was not the sub-tenant of J. S. Bain, Jr., and sustained no relation to him whatever with regard to this land, or the crop raised thereon. This writ affords the sheriff no protection whatever.

Charges 1, 3, 4 and 5 requested by plaintiff should therefore have been given.

Plaintiff having held over during 1891, the presumption is that his holding was upon the same terms. It is conceded, therefore, that McDonald had a landlord's lien to the extent of $120.00 on all the crop grown by plaintiff on the rented premises during 1891, which he could have enforced by landlord's attachment against plaintiff, but not by attachment against J. S. Bain, Jr., with whom plaintiff had no legal connection whatever.

A landlord having a lien on his tenant's crop can no more seize it except by appropriate attachment, than can a simple contract creditor without a lien. If he wishes to enforce his lien he must resort to attachment, and it must be an attachment against the tenant, and not against some entire stranger. The evidence showed that only 30 bushels of the corn seized was grown on the rented premises. As to this it is conceded plaintiff was entitled to recover only nominal damages. But the defendant sought by raising an estoppel against plaintiff from what he said to the sheriff at the time of the levy, to extend McDonald's lien for said sum of $120.00 to the whole of the 430 bushels of corn. But supposing this to be true the plaintiff was entitled to recover the value of the 430 bushels of corn less the $120.00, or about $95.00, with interest. It is manifest from this alone that each charge given the jury was erroneous. But these charges go much further than this. They involve the proposition that a seizure without process against the tenant by a landlord of the crop of his tenant in payment of his lien for rent is available not only in mitigation of damages, but as a full defense. The vice of this proposition is apparent.

(11) But they are erroneous in another particular. They ignore the necessary element of an estoppel that the sheriff must have been honestly misled by plaintiff's statement, and that the statement was made with the intent that it should be acted on.

(12) Charge (6) requested by plaintiff was in accord with the law and should have been given.

[Bain v. Wells *et al.*]

Lusk & Bell, for the appellee.—Appellant having held over, he could not dispute the right of McDonald as landlord, and could not .set up the fact that he had refused to surrender the possession in bar of the administrator's right to the rents.—Taylor's Landlord and Tenant, 7 Ed. par. 22. If the appellant, plaintiff below, represented to the sheriff Wells when he went upon the premises to execute his writ by levying it on the crop grown on land rented by Simp Bain, that the corn he pointed out was grown on such land, and the sheriff on the faith of this, was led to levy on the corn in question, appellant is estopped from complaining.—7 Amer. & Eng. Ency. pp. 18–19.

If the appellant pointed out the property as the property grown on the rented premises, when in fact it was not; if he had occupied the land during the preceding year and continued to use it for the year in question, he was estopped from denying his relation as tenant, and if the corn was in fact applied to the payment of his rent indebtedness, or was in fact taken for the satisfaction of such, he cannot complain.—*Mitchell v. Corlin*, 91 Ala. 603; *Bate v. Cartwright*, 36 Ill. 518; *Street v. Sinclair*, 71 Ala. 110.

COLEMAN, J.—The appellant, George Bain, sued Wells, as sheriff, for the wrongful seizure of four hundred bushels of corn levied upon under an attachment sued out by one McDonald, as administrator, against Simps Bain, brother of plaintiff. The defendant pleaded the general issue, and justified under two special pleas, numbered two and four.

The pleas of the defendant showed substantially the following facts, and the evidence tended to support them: That for the year 1890 McDonald, as administrator, rented certain lands to plaintiff, George Bain. That some time in December, 1890, McDonald, as administrator, at public auction rented the same lands for the year 1891 to Simps Bain, and that plaintiff George Bain was present at said renting and bid for the lands. That the rent for the year 1891 not being paid at maturity, the landlord brought suit against Simps Bain, on the rental contract, and sued out an attachment against him to enforce the landlord's lien for the unpaid rent, which attachment was levied by the sheriff on the corn in con-

troversy. Simps Bain litigated the attachment suit, but plaintiff recovered a judgment against him for the amount agreed to be paid, and obtained an order of condemnation of the corn levied upon. When the sheriff went on the premises to levy the attachment he found George Bain, the plaintiff, in possession and in possession of the corn. George Bain notified the sheriff the corn belonged to him, and that he would hold the sheriff responsible for it, but pointed out to the sheriff the corn as grown on the lands rented by Simps Bain from McDonald. In the present action, the plaintiff contended, first, that the contract of renting to Simps Bain being in parol was void under the statute of frauds; second, that the corn with the exception of thirty bushels was grown upon his own lands, and the lands of his wife; third, that he did not surrender possession of the premises after the termination of the rental contract for the year 1890, and the relation of landlord and tenant between himself and any other person never existed.

As to the first proposition. If Simps Bain failed to plead the statute of frauds in the suit against him, the omission is not available to plaintiff in the present action. If he did plead it, the issue was determined against him. —*Cooper v. Hornsby*, 71 Ala. 62; *Gafford v. Stearns*, 51 Ala. 434; *Shakespeare v. Alba*, 76 Ala. 351. The judgment recovered against Simps Bain under the pleadings, so long as it remains in force, there being no fraud or collusion, is conclusive on Simps Bain, that the relation of landlord and tenant existed, between McDonald and Simps Bain, and conclusive on George Bain of the amount due for rent.

As to the second proposition, the sheriff testified that when he went on the premises, "the plaintiff pointed out to him the corn he seized, and said 'there is the corn grown on the lands rented by McDonald to Jas. S. Bain, Jr., and that he levied on the corn so pointed out. The rule is very broad and plain, that when a person by word or conduct voluntarily induces another to act on a belief in the existence of a certain state of facts, he will be estopped as against him to allege a different state of facts.—*Larkin v. Mead*, 74 Ala. 485; 7 Amer. & Eng. Encyc., p. 20 and note. If the evidence of the sheriff was true, the plaintiff estopped himself from any advantage which might have arisen by proof that the corn

[Bain v. Wells *et al.*]

levied upon grew upon his own or the lands of his wife. The instructions of the court on this phase of the evidence were free from error.

Plaintiff's third proposition involves a consideration of pleas two and four. The plaintiff joined issue upon plea number two, without questioning its sufficiency by demurrer or otherwise. We presume that issue was joined, because of the averment at the close of the plea, "that said property was liable to said writ of attachment." This was a mere conclusion. The evidence clearly tended to support every fact in the plea.

The fourth plea averred a state of facts, which if true showed that plaintiff held and occupied the land under such circumstances as to render the crop raised by him subject to the landlord's claim for rent. It avers that plaintiff rented the lands from McDonald for the year 1890; that J. S. Bain, is brother, rented the same lands for the year 1891; that George Bain well knowing said fact and acting in collusion with said Simps Bain, retained possession of said lands and cultivated the same for the year 1891. After stating these and some other facts, which if proven established defendant's justification for making the levy, the plea further averred that on the trial of the suit of the administrator McDonald against Simps Bain "one of the issues arising in the same was the collusion of said Simps and George Bain and on said trial the issues were found in favor of said McDonald and said parties found to be the tenants of said McDonald * * * * and that the plaintiff George Bain was present, aiding and assisting Simps Bain, advising with his counsel and testifying for him, and that McDonald recovered judgment against Simps Bain," &c. Several grounds of demurrer were interposed to this plea. Each was directed against the plea as a whole. As a plea of *res adjudicata*, if such was the purpose of the pleader, to the demand of George Bain, the plea was insufficient. See authorities cited in the note to case of *Baptist Church v. Manchester*, 33 Amer. St. Rep. 893. It does not state what the issues were which determined any right or contention of the plaintiff George Bain, put in issue in the present action. All that is said in the plea in reference to the trial of *McDonald v. Simps Bain* may be stricken out and a good plea will remain. If plaintiff had moved to strike out the averments made in reference to the suit

against Simps Bain, or if he had demurred to such part of the plea, the objection would have been well taken, but the grounds of demurrer going to the whole plea, we think they were properly overruled.

The pleadings and judgment in the case of *McDonald v. J. S. Bain* and the issues of that contest, the action of George Bain, aiding in the defense, tended to support the pleas of the defendant and were properly admitted in evidence.

We have considered the case as tried by the court on the special pleas. The case might have been disposed of under the general issue. The uncontroverted evidence shows that as to Simps Bain (the same person as J. S. Bain) George Bain became his tenant by holding over after the termination of his rental contract for the year 1890.—*Burbank v. Dyer*, 54 Ind. 392; 12 Amer. & Eng. Ency. p. 676, note; *Robinson v. Holt*, 90 Ala. 115. He never denied and could not deny the right of McDonald his landlord to the possession. He knew, when he held over, the fact that Simps Bain had rented the lands for the year 1891. Although there is no privity of contract between a subtenant and the landlord, the crop raised by a derivative lessee, is subject to the rental contract between the landlord and tenant, at least to the extent of his liability under his contract for holding over. The levy of the attachment on the corn and suit by the landlord against J. S. Bain and judgment for the landlord, and the tenancy of George Bain under Simps Bain by his holding over, all being established by the uncontroverted facts, there were but two questions open. First, was the corn raised on the rented premises? Second, if not, had the plaintiff estopped himself by pointing out the corn to the sheriff, as corn raised on the rented premises which statement induced the defendant to make the seizure?

We find no error in the record.

Affirmed.