[Empire Improvement Co. v. Lynch.]

# Empire Improvement Co. v. Lynch.

## Assault and Battery.

(Decided April 17, 1913.   Rehearing denied May 8, 1913.
62 South. 16.)

1. *Appeal and Error; Harmless Error; Pleading.*—Any error in sustaining a demurrer to a plea is harmless where a substantially similar plea makes up some of the issues, especially where not supported by the evidence, and it not appearing how the ruling could have deterred the defendant from making any proof he had of the other plea.

2. *Witnesses; Examination and Cross.*—Where a plaintiff, a negro, was going to consult a physician having an office in defendant's building, had gotten into an elevator reserved for whites, and was kicked by the servant in charge of the elevator and injured, and defendant's only contention was that he had gotten into the wrong elevator, and that the servant did not discover his color until he reached the floor plaintiff wanted to disembark, it was within the discretion of the court as controlling cross examination to refuse to permit defendant to ask him what was the matter with him, and whether before that he had had a similar disease.

3. *Evidence; Judicial Notice; Effects of Disease.*—The court does not take judicial notice of the effect certain diseases will cause.

(Somerville, J., dissents in part.)

Appeal from Birmingham City Court.

Heard before Hon. C. W. Ferguson.

Action by George Lynch, by next friend, against the Empire Improvement Company, for damages for assault and battery.   Judgment for plaintiff and defendants appeal.   Affirmed.

Tillman, Bradley & Morrow, and Frank W. Dominick, for appellant.   The court was in error in sustaining demurrer to plea 4 as an answer to counts 7 and 8. The court was also in error in its rulings on the evidence, and in refusing the charges requested by defendant, and in giving the charges requested by plaintiff.— *Peters v. So. Ry.,* 135 Ala. 537; *White & Co. v. Farris,* 124 Ala. 470.

HARSH, BEDDOW & FITTS, and W. T. HALL, for appellee. If there was error in sustaining demurrer to plea 4 it was rendered harmless as similar pleas were left in the record on which the same defenses might be made.—58 South. 1047. Besides the plea shows no manner of justification for the assault.—*B'ham R. & E. Co. v. Baird,* 130 Ala. 349. It does not matter whether the assaulted person is a passenger or not.—*Mitchell v. Gambill,* 140 Ala. 546. But he was a passenger and entitled to the highest degree of care.—*Treadwell v. Whittier,* 5 L. R. A. 502. The control of the cross examination rests largely in the discretion of the court.—8 Enc. P. & P. 109. The question called for a conclusion of the witness.—*C. of Ga. v. Clements,* 57 South. 53. There was no dispute as to the assault, and the only question as to the amount of damages, and as none of the charges given or refused affected that question, they were refused without error.

SAYRE, J.—Without so deciding, we will assume, agreeably with appellant's contention, that there was error in sustaining plaintiff's demurrer to defendant's fourth plea. The ruling, if erroneous, worked no harm to defendant. Pleas 3 and 4 sought to justify the assault alleged to have been committed on plaintiff by the operator of defendant's elevator, and the substantial matter of justification averred in each of them was the same. It was that "plaintiff became abusive and insolent in his conduct and manner towards defendant's agent in charge of the said elevator, and his said abusive and insolent conduct seriously interfered with the proper management and control of the said elevator by said servant." The further averment of plea 3 is that said servant committed the assault alleged in ejecting plaintiff from the elevator, using no more force than

[Empire Improvement Co. v. Lynch.]

was reasonably necessary, as alleged in plea 3, or, "to preserve order on said elevator and the proper manage· ment and operation of the same, attempted to quiet the plaintiff and to put an end to his said conduct, using no more force than was reasonably necessary therefor," as alleged in plea 4. In the third plea it was also alleged that plaintiff had gone into the elevator car with knowledge and in violation of defendant's rule that colored people were not allowed to ride therein, but were required to take a different elevator. Notwithstanding these differences, the substantial matter of justification was the same in each of these pleas, it was what we have above stated it to be, and there could be no expectation of prevailing on either of them unless proof were offered of that matter. But there was no testimony to sustain this substantial averment of either plea, though such proof was demanded by plea 3 on which evidence was taken. Plaintiff's witnesses concurred in stating that he used no language nor did any act whatever of the character alleged in these pleas, that the assault was committed just as plaintiff had stepped from the elevator upon the floor to which his business took him, and, in short, that his conduct was wholly inoffensive.. Defendant's evidence made no better case for it in respect to the issue of an assault and its justification. Defendant's servant in charge of the elevator testified: "I told him to get off the car. There were two men went off in front of him, and he started off and went pretty slow. Then I just touched him with my foot." In the state of the case thus shown no reason can be found why the court's ruling on plea 4 should have deterred defendant from proof of the same averments in plea 3; and as matter of further fact, if that were of any concern in the determination of the prinicple which ought to control, it very clearly appeared that

there were no other witnesses to the transaction who might have testified differently. For these reasons we hold the alleged error harmless.—*Going v. Ala. S. & W. Co.*, 141 Ala. 546, 37 South. 784.

Plaintiff's testimony was that his private parts had been injured by the kicks he got and that his testicles were thereafter swollen. The purpose of his visit to defendant's building was to consult a physician who had his office there. Plaintiff said he had been sick. Defendant then proposed to ask the witness what was the matter with him, and whether before that he was not afflicted with a disease of the private parts. The trial judge sustained objections to the questions on the ground that their only effect was to prejudice the jury against plaintiff. Appellant charges error to these rulings on several grounds. It says it had a right to know for what purpose plaintiff went into its building and upon its elevator, to know whether he had business there or was a mere trespasser. But the undisputed testimony showed that plaintiff's presence in the building was not objected to, nor was it denied that he had a right to be lifted by one or another of the several elevators defendant operated for the convenience of its tenants and persons having business with them. The only contention was that plaintiff, a negro, had gone into an elevator reserved for whites, and the only evidence defendant offered in support of its special pleas went to prove, without express or inferable contradiction, that defendant's servant had not discovered the fact that plaintiff was a negro until the car had reached the floor of plaintiff's destination. This being the true aspect of the case, and the only one presented, the court was well within its discretion to curtail and control unnecessary cross-examination in making the rulings questioned.

[Empire Improvement Co. v. Lynch.]

Appellant contends further these questions should have been allowed on the theory that they might have reduced the damages by explaining the effects of which plaintiff complained as traceable to a different cause, and supposes our common knowledge should come to the aid of his assertion that a venereal disease will cause effects of a similar kind. The court below declined to take judicial notice according to appellant's suggestion, and we also are inclined to take that view. We do, however, assume to know that the treatment plaintiff says he received would cause the effect of which he complained, and think it reasonably clear that the proposed testimony, assuming plaintiff's answer would have confirmed appellant's suspicion, was incompetent either to justify or mitigate the assault proved without conflict, and that, at best for appellant, the questions, as framed, were calculated to elicit prejudicial admission not in necessary, nor even, so far as we know, probable, conflict with his previous testimony. If the appellant had desired to have the plaintiff say on cross-examination whether the particular condition, which he had attributed to the kicks administered by defendant's servant, had existed theretofore, or how soon it had followed, and so, or in other conceivable proper ways, had attempted to discredit the alleged causal connection between the assault and the condition, questions fairly shaped to that end should have been allowed, and we are not holding the court would have erred if it had permitted the questions actually propounded. We intend only to say that we do not perceive how the fact that plaintiff had a venereal disease made it necessary or even probable that the condition of which he subsequently complained resulted from the disease rather than from the kicks, and that, if the jury were to be allowed to speculate, they may as well have speculated

without the assumed answer as with it. As the case is presented, we think the trial court's diagnosis of the situation and its prognosis of the outcome was justifiable, that the court acted within the limits of a reasonable discretion in controlling the cross-examination, and that its rulings ought not to be held for prejudicial error. Appellant says these rulings left it at the mercy of the plaintiff. They left it at the disposal of the only witnesses offered who had any knowledge of the facts and a jury qualified to weigh testimony. Our judgment is that no error is shown.

The charges require no detailed consideration. None of those assigned for error touched the subject of the measure of damages. On the uncontroverted evidence defendant's agent or servant assaulted plaintiff without justifiable cause or excuse, under circumstances which made defendant liable. The court properly so charged the jury, and a proper result was reached.

Affirmed.

ANDERSON, MCCLELLAN, MAYFIELD, and DE GRAFFENRIED, JJ., concur. SOMERVILLE, J., dissents as to the ruling on the evidence. DOWDELL, C. J., not sitting.