(84 South. 430)

HOUSTON NAT. BANK OF DOTHAN v. ELDRIDGE. (4 Div. 595.)

(Court of Appeals of Alabama. Oct. 21, 1919. Rehearing Stricken Nov. 18, 1919.)

1. ESTOPPEL ☞52—DEFINED AS ACT OR ACCEPTANCE PRECLUDING PROOF OF TRUTH.

An "estoppel," as defined by Lord Coke, is in effect a man's act or acceptance which stops or closes his mouth to allege or prove the truth and is enforced on ground of public policy and good faith.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Estoppel.]

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

2. ESTOPPEL ☞112—ACT MAKING IT INEQUITABLE TO CHANGE POSITION MUST BE DEFINITELY ALLEGED.

In pleading an estoppel it must be definitely alleged that the party against whom it is sought to be invoked made representations or assumed a position where otherwise inequitable consequences would result to another who, having right to do so under all circumstances, had relied thereon to his prejudice.

3. HUSBAND AND WIFE ☞129(4) — WIFE'S FAILURE TO ENFORCE RIGHT TO PROPERTY WILL NOT PREVENT HER ENFORCING OTHER PROPERTY RIGHTS.

The fact that wife omitted to enforce a clear right as to some of her funds, allowing her husband to use them for his own benefit, will not preclude her from enforcing her rights as to other funds, for a party's failure to enforce some rights will not estop him from enforcing right to other property.

4. ESTOPPEL ☞112 — PLEAS OF ESTOPPEL AGAINST A MARRIED WOMAN HELD INSUFFICIENT.

Pleas attempting to assert an estoppel against a married woman to enforce her right to the proceeds of notes collected by her husband, which merely alleged that the married woman allowed her husband to collect other funds, etc., *held* insufficient and subject to demurrer.

5. APPEAL AND ERROR ☞1040(6)—ERROR IN SUSTAINING DEMURRER TO PLEAS HARMLESS, WHERE ANY PROPER EVIDENCE ADMITTED.

Where any evidence admissible under particular pleas was admitted, error in sustaining a demurrer to particular pleas was harmless.

6. HUSBAND AND WIFE ☞129(4)—IN ACTION BY A MARRIED WOMAN FOR PROCEEDS OF NOTE, CHECKS COLLECTED BY HUSBAND INADMISSIBLE.

In an action by a married woman to recover the proceeds of notes deposited with a bank for collection, which bank applied the proceeds to payment of the husband's debts, checks payable to the married wife, though collected by husband, were properly excluded, as the woman might waive her claim to proceeds of the checks without becoming estopped from asserting her right to the proceeds of the note.

7. WITNESSES ☞247—STATEMENT BY BANK'S CASHIER THAT ACCOUNT WAS FOR BENEFIT OF ALL HELD PROPERLY EXCLUDED AS TOO GENERAL.

In an action by a married woman against a bank for money had and received where it appeared that the bank had applied the proceeds of notes held for collection and payable to the married woman to payment of her husband's indebtedness, testimony by the bank's cashier that the account credited was for all and included the entire family was properly excluded as too general and not confined to the issues involved.

8. HUSBAND AND WIFE ☞138(10) — CREDITOR KNOWING FUNDS BELONGED TO DEBTOR'S WIFE CANNOT HOLD SAME IN PAYMENT OF HUSBAND'S DEBT.

Though a principal is liable for his agent's act within the apparent scope of his authority, yet, where a bank knew the proceeds of notes belonged to married woman, it cannot, where her husband, who acted as her agent, authorized application of the proceeds to his own debt, hold the same against the owner.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Action by Mrs. M. W. Eldridge against the Houston National Bank of Dothan for money had and received. Judgment for plaintiff, and defendant appeals. Affirmed.

Appellee, through her husband, N. T. Eldridge, sold a parcel of land to one W. C. Fritter for $1,000, and in settling with N. T. Eldridge, with whom all negotiations were had, Fritter deducted $150 due by N. T. Eldridge for rent of some land, gave Eldridge two checks, one for $150 on Dothan National Bank, and one for $200 on First National Bank of Dothan, drawn to the order of Mary W. Eldridge, and executed two notes for $250 each, payable to the order of Mary W. Eldridge. N. T. Eldridge indorsed the name of his wife to the two checks and used the money, and took the two notes to Houston National Bank (appellant), and instructed them to collect the notes and apply the proceeds thereof to certain indebtedness, delivering the two notes at the time. These notes were collected by the bank and applied according to instructions. Something over two years after this was done, appellee made demand on the Houston National Bank for the proceeds of said notes, and, upon its refusal to pay said sum, she brought suit claiming money had and received.

Appellant filed the following pleas:

"Seventh. That plaintiff is the wife of one N. T. Eldridge; that she permitted and allowed the said N. T. Eldridge to transact business for himself in her name; and, with knowledge that he was conducting business in her name as aforesaid, she permitted and allowed the said N. T. Eldridge to get possession of certain notes executed by one Fritter to plaintiff, the proceeds of which is here sued for; that the said N. T. Eldridge brought said notes to the defendant and delivered same to it with instructions to collect and apply the proceeds thereof to an account contracted by said N. T. Eldridge in the name of the plaintiff, in the transaction of business as aforesaid, and defendant without knowledge or notice that plaintiff claimed said notes or any interest therein, and in due course of business, collected said notes and applied same to said account. Wherefore, defendant says that plaintiff is estopped from maintaining this action." To which plea the court sustained a demurrer.

"Eighth. That plaintiff is the wife of one N. T. Eldridge; that she permitted and allowed the said N. T. Eldridge to transact business for himself in her name, and with the knowledge that he was conducting business in her name as aforesaid, she delivered or caused to be delivered to said N. T. Eldridge certain notes executed by one W. C. Fritter to plaintiff,

the proceeds of which is here sued for; that said N. T. Eldridge delivered said notes to defendant with instructions to collect and apply the proceeds thereof to an account contracted by said N. T. Eldridge as aforesaid, and defendant without knowledge or notice that said plaintiff claimed said notes or any interest therein, and for valuable consideration acquired said notes and collected same and applied the proceeds thereof in payment of an account contracted as aforesaid. Wherefore defendant says that plaintiff is estopped from maintaining this action."

Plea 9 is substantially similar to plea 8, with the additional averment—"was using her name to further his own personal business and was not in any manner accounting to her for any transaction made by him in her name she delivered or caused to be delivered the said notes, and that said N. T. Eldridge in the transaction of business as herein stated delivered said notes to defendant."

Chapman & Lewis, of Dothan, for appellant.

Demurrer was improperly sustained to plea 7. 5 S. & P. 121; 4 Cyc. 35; 16 Cyc. 749–681; 19 Ala. 430; 91 Ala. 569, 8 South. 690; 129 Ala. 376, 29 South. 797; 126 Ala. 536, 28 South. 517; 179 Ala. 469, 60 South. 387; 192 Ala. 62, 68 South. 363; 200 Ala. 122, 75 South. 570. The court erred in sustaining demurrer to plea 8. 7 Ala. 486; 10 Ala. 828, and authorities supra. For the same reason the court erred in sustaining demurrer to plea 9. Where the fact of agency rests in parol, or the relation is disputed, other evidence is admissible. 195 Ala. 397, 70 South. 763; 37 Ala. 222. The acts and declarations of the alleged agent are admissible, where there is evidence of agency. 10 Ency. of Evidence, 19, note 56.

Lee & Tompkins, of Dothan, for appellee.

The court properly sustained demurrers to the pleas. 16 Cyc. 746–774; 62 Ala. 547; 18 Ala. 229; 15 Ala. 696; 80 Ala. 351; 18 Ala. 734; 37 Ala. 342; 24 Ala. 346; 21 Ala. 424; 107 Ala. 562, 19 South. 774; 99 Ala. 317, 14 South. 579; 129 Ala. 373, 29 South. 797. Declaration of the agent was not admissible in this case. 19 Ala. 165; 137 Ala. 145, 34 South. 210; 108 Ala. 666, 18 South. 740; 128 Ala. 477, 30 South. 665; 7 Ala. 800; 132 Ala. 639, 32 South. 649; 77 Ala. 14; 12 Ala. 252; 30 Ala. 552.

SAMFORD, J. The plaintiff's claim rested upon the fact that there had been deposited with the defendant for her and for collection two promissory notes payable to her and aggregating $500; that this money had been collected by defendant and never paid to her, or to her order or used for her benefit. The defendant filed pleas undertaking to set up an estoppel in pais against the plaintiff, and now assigns as error the rulings of the court in sustaining the demurrers to pleas 7, 8, and 9, together with other assignments as to the admissibility of evidence which will be treated later.

[1-5] An "estoppel," as defined by Lord Coke, is, in effect, a man's act or acceptance which stops or closes his mouth to allege or prove the truth. Co. Lit. 352a. Wherever found and established, estoppel should be enforced as being "conducive to honesty and fair dealing and promotion of justice, and to stand on the broad ground of public policy and good faith. 10 R. C. L. 695. In order, however, for an estoppel to be properly pleaded, it must be definitely alleged that the party against whom the estoppel is sought to be invoked made representations or assumed a position where otherwise inequitable consequences would result to another who, having the right to do so under all the circumstances of the case, has, in good faith, relied thereon to his prejudice. In 10 R. C. L. p. 689, note 10, has been collated a long line of decisions to sustain the foregoing, which is a paraphrase of the text in that work. See, also, Bain v. Wells, 107 Ala. 562, 19 South. 774; Nelson v. Kelly, 91 Ala. 569, 8 South. 690. And the fact that a party has on other occasions omitted to enforce a clear right as to some property affords no reason why he should be defeated as to legal claims upon other property, on which he does finally assert them. First Nat'l Bk. of Batavia v. Ege, 109 N. Y. 120, 16 N. E. 317, 4 Am. St. Rep. 431. Pleas 7, 8, and 9 did not make the required allegations, and demurrers thereto were properly sustained. Aside from the foregoing, the court would not be reversed on account of its holdings on the demurrers, for the reason that, on the trial below, all the facts and circumstances bearing on the question of estoppel were fully developed and set forth in the evidence, and these facts conclusively refute the allegations of the pleas. That being the case, the court could not be reversed for its rulings on the demurrers. Going v. Ala. Steel & Wire Co., 141 Ala. 537, 546, 37 South. 784; Southern Ry. Co. v. Cunningham, 152 Ala. 147, 44 South. 658; Empire Imp. Co. v. Lynch, 181 Ala. 473, 62 South. 16.

[6-8] The court did not err in refusing to permit the checks drawn by Fritter on the Dothan National Bank and on the First National Bank and payable to Mary W. Eldridge to be introduced in evidence. It is true these checks were the property of plaintiff, given as part payment on her property; but she had a right to dispose of it as she saw fit, or, it having been used by her husband, to waive claim for it. This fact would not estop her from enforcing her claim to the other money. 10 R. C. L. p. 691. The court did not err in excluding as evidence the statement of Forrester, the defendant's cashier, as follows: "The account is headed Eldridge Bros., and that was for the whole Eldridge family—all of them." The answer was too general and not confined to the issues involved. Assuming that N. T. Eldridge was

the agent of Mary W. in the transaction involving the sale of her land, the collection of a part of the purchase money and the taking of notes payable to her and depositing those notes with the defendant bank for collection, conceding even that it could have been proven that N. T. was the general agent of plaintiff, in the absence of express authority, this would not have authorized "N. T." to transfer plaintiff's property in payment of his own debts, contracted by him, for his own benefit, and in which plaintiff had no interest or benefit, where, as in this case, it is shown without conflict that the defendant knew that the notes belonged to plaintiff and also knew that the debt on which the proceeds were applied was, in fact, the debt of N. T. Eldridge. 21 R. C. L. p. 913, § 92. The principal is liable for the agent's act within the scope of his actual or apparent authority, where the principal holds the agent out as having such authority, but the doctrine of apparent authority can be invoked only by one who has been misled to his prejudice by the apparent authority; hence, where the agent owed a debt, and undertook to pay that debt by the transfer of his principal's property, and the creditor took it with notice that it was the property of the principal, there is no rule of equity or conscience that would allow the creditor to retain such property or its proceeds against the timely claim of the principal. Patterson v. Neal, 135 Ala. 482, 33 South. 39; Bowdon Line Works v. Moss, 14 Ala. App. 435, 70 South. 292. It follows that the various rulings of the court on the admissibility of evidence were without error.

We find no error in the record, and the judgment is affirmed.

Affirmed.