### CHANDLER v. BURK.  (7 Div. 432.)

(Supreme Court of Alabama.   April 10, 1924.)

1. **Landlord and tenant** ☞246(2, 4) — **Landlord's lien extends to all crops grown on rented premises.**

Landlord's lien extends to all crops grown on the rented premises, including crops of subtenant, though the subtenant has the one right to have the crop of the tenant first levied on and exhausted, and if subtenant's crop is removed or otherwise disposed of in whole or in part, except under conditions named in the statute, the right of attachment arises under Code 1907, § 4739.

2. **Landlord and tenant** ☞251(½)—**Consent that crops be cribbed on lands of tenant no consent to removal therefrom.**

Consent of landlord that crops be cribbed on the lands of the tenant and under his control would not be consent to removal from the premises and turning them over to subtenants to store beyond the control of both tenant and landlord.

3. **Landlord and tenant** ☞260—**Commingling of crops and selling "disposal of" inhibited by statute providing for attachment.**

Commingling crops with others and selling or consuming them so as to destroy or endanger the landlord's security is a "disposal of" them inhibited by Code 1907, § 4739, providing for attachment to enforce lien.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Dispose of.]

Appeal from Circuit Court, Cherokee County; W. W. Haralson, Judge.

Action by C. W. Burk against E. J. Chandler, to recover rent of farm lands, with attachment in aid of suit. Judgment for plaintiff, and defendant appeals. Affirmed.

Hugh Reed, of Center, for appellant.

The evidence being in conflict, it was error to give the affirmative charge for plaintiff. Pellum v. State, 89 Ala. 28, 8 South. 83. The issue as to causes for suing out the attachment was properly raised by plea in abatement. Code 1907, § 2966; Wilson v. Callan, 9 Ala. App. 265, 63 South. 27; Brown v. Massey, 3 Stew. 226; Vines v. Buck, 207 Ala. 523, 93 South. 398.

Motley & Motley, of Gadsden, and C. B. Sims, of Center, for appellee.

Where the tenant is about to remove, or has removed, the crop, the right of attachment is given to the landlord. Masterson v. Bentley, 60 Ala. 520; Code 1907, § 4739. The crop raised by the subtenant is subject to the lien of the landlord. Bain v. Wells, 107 Ala. 562, 19 South. 774; Agee v. Myar Bros., 71 Ala. 88. Feeding crops to stock is a removal. Hopkins v. Wood, 79 Ill. App. 484; 24 Cyc. 1284.

BOULDIN, J. This is an attachment suit by landlord against tenant for rent of farm lands. Code, 1907, § 4739. The grounds of attachment set forth in the amended affidavit were:

(1) That the tenant had removed the crops from the rented premises without paying the rent and without the consent of the landlord.

(2) That he had otherwise disposed of part of the crop without paying the rent and without the consent of the landlord.

Defendant by plea in abatement put in issue the grounds upon which the attachment was sued out. Wilson v. Callan, 9 Ala. App. 265, 63 South. 27.

Upon the trial of this issue the court gave the affirmative charge for plaintiff. This ruling is the main question here presented.

The record discloses some evidence that the landlord consented to the removal of the crops from the rented premises for want of a place to store them thereon, and that they be cribbed on the lands of the tenant.

Defendant's evidence, without conflict, further disclosed the following: A portion of the lands was subrented to two subtenants, who were to pay the tenant as rent one-third the corn. When their crops were gathered this one-third was thrown in cribs on the premises of the tenant in chief, and two-thirds hauled away by the subtenants from the rented premises and the premises of the tenant in chief with his knowledge and consent. The tenant retained no control over this portion of the crops, and what disposition was made of same does not appear. There were two cribs on the tenant's premises. One was used to store the corn raised by the tenant and the rents received from his subtenants. Defendant's son was a third subtenant. His corn, after paying the rent, was thrown in a second crib. Defendant testifies that part of the corn made by the other two tenants was also put in that crib; that the son, as well as the tenant himself, had other corn all commingled in the same crib; that the tenant and the son were freely con-

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

suming the corn in this crib in feeding stock; that corn was sold from this crib, but probably after attachment issued. It further appears the tenant offered to turn over to the landlord the crib containing his own crop and the rents paid him by subtenants, but denied the landlord all claim against the corn in the other crib. The tenant, it clearly appears, recognized the landlord's lien as extending only to his crop and the rent received from his subtenants. It is not claimed that this was sufficient to pay the rents.

[1] The landlord's lien extends to all crops grown on the rented premises. The subtenant holds subject to all the rights of the landlord in the entire crop, with the one right to have the crop of the tenant first levied on and exhausted. If the subtenant's crop is removed from the premises or otherwise disposed of in whole or in part, except under conditions named in the statute, the right of attachment arises. Code 1907, § 4739; Agee v. Mayer Bros., 71 Ala. 88; Bain v. Wells, 107 Ala. 562, 19 South. 774.

[2] The consent of the landlord that the crops be cribbed on the lands of the tenant and under his control would not be consent to removal from the premises and turning them over to subtenants to store at other places beyond the control of both tenant and landlord.

[3] Commingling the crops with others and selling or consuming them so as to destroy or endanger the landlord's security is a "disposal of" them inhibited by statute.

Under the undisputed evidence the trial court was not in error in giving the affirmative charge requested by plaintiff.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.