# Louisville & Nashville Railroad Co. *v.* Allgood.

*Action against Common Carrier for Failure to Deliver Goods.*

1.   *Action against common carrier; complaint in statutory form sufficient.*—Under the mandate of the statute, (Code of 1886, § 2665), in an

[Louisville & Nashville R. R. Co. v. Allgood.]

action against a common carrier for failure to deliver goods entrusted to it for transportation, a complaint which substantially follows the form prescribed by the statute, (Code of 1886, p. 793, form 15), is sufficient, and is not demurrable.

2. *Same; same.*—In an action against a common carrier for failure to deliver goods entrusted to it for transportation, a complaint following substantially the form prescribed by the Code, and containing an averment that the contract of shipment was made with plaintiff and for his benefit, is not subject to demurrer upon the ground that the reward was not shown to have been paid, or agreed to be paid, by the plaintiff, or that it was not shown by whom it was paid or agreed to be paid.

3. *Same; ownership of property under bill of lading; right of action.* A bill of lading operates *prima facie* a transfer to the consignee of the title to the goods shipped, giving him a right of action against the common carrier for failure to deliver the goods, or for loss or injury to the goods while in the carrier's possession; but if the consignee is not, in fact, the owner of the goods, but is the mere agent or factor of the consignor, and the goods, while in transit, are at the risk of the latter, the right of action for the failure to deliver, or for loss or injury to the goods, rests in the consignor, and not in the consignee.

4. *Same; same.*—Where one buys property, agreeing to pay therefor when sales thereof are made by the consignees to whom he has it shipped, and who are to pay the freight at the point of destination, remitting to the shipper the proceeds less the freight, such purchaser is the general owner of the property, and can maintain an action against the common carrier for failure to deliver it.

5. *Same; right of carrier to demand reward from shipper; effect of failure to do so.*—When goods are consigned to a factor of the consignor, the carrier has the right to demand of the shipper the payment of the freight as a condition precedent to their transportation; but the fact that such demand was not made does not release the carrier from its liability to the shipper in an action brought by him to recover damages for the failure to deliver the goods shipped.

6. *Pleading and proof; when striking pleas are without injury.*—Where it is affirmatively shown that under the plea of the general issue the defendant had the benefit of the matters of defense set up by special pleas, the striking out of such special pleas, if error, is error without injury.

7. *Action against common carrier; ownership of consigned goods; right of recovery; case at bar.*—Where, in an action against a common carrier for failure to deliver goods entrusted to it for transportation, it is shown that the bill of lading was issued in the plaintiff's name, and the proof further shows that the plaintiff bought the goods which were shipped from A., which were paid for by H., at plaintiff's request, A. giving H. an order on plaintiff, which he accepted, to be paid when the goods were sold, there is such a title in plaintiff as to enable him to maintain the action; and the fact of the payment by H. to A. does not affect plaintiff's right of recovery.

APPEAL from the Circuit Court of Blount.

Tried before the Hon. JAMES A. BILBRO.

This action was brought by the appellee, J. D. Allgood, against the appellant to recover damages for failure of the defendant to deliver certain goods which were shipped over its railroad.

To the complaint as originally filed, the court sustained demurrers, and thereupon the plaintiff filed the following amended complaint: "The plaintiff claims of the defendant the sum of one hundred dollars damages for the failure to deliver certain goods, to-wit: one car bark, No. 3631, received by them as common carriers to be delivered to Woolman, Lopez & Co. at St. Louis, in the State of Missouri, for a reward, at the request of the plaintiff, which they failed to do under a contract by which defendants were to deliver said bark to Woolman, Lopez & Co. for the benefit of plaintiff, which said contract was made by plaintiff with defendant." To this complaint as amended, the defendant interposed the following demurrers: "1. Said amended complaint fails to show that the reward was paid by plaintiff or assumed or agreed to be paid by him.

"2. Said amended complaint fails to show who paid or agreed to pay the reward stated in the complaint."

These demurrers were overruled, and to this ruling the defendant duly excepted. Thereupon the defendant pleaded the general issue and the following special pleas : "1. The car load of bark was received by defendant f. o. b., to be delivered to Woolman, Lopez & Co. as consignees, and not to plaintiff, and all title and interest in said bark was then and there vested in said consignees; *and defendants have never claimed, demanded or looked to plaintiff for any hire or reward for the transportation of said bark, nor has the plaintiff ever paid, or offered to pay, defendant for the transportation of said bark.*

"2. And for further answer defendant says that the consignees were to pay them for the transportation of said bark, and no charges were made by defendant against plaintiff therefor.

"3. And for further plea in this behalf the defendant says the plaintiff has no right to maintain this suit, because he says that plaintiff had no interest in the bark shipped, and sustained no loss or injury by any failure on the part of defendant to deliver said bark, if any

failure there was." The plaintiff moved the court to strike out that portion of the plea No. 1 which is in italics, and also to strike out special pleas two and three. The court granted this motion, and the defendant separately excepted to the ruling on said pleas. Issue was joined on the plea of the general issue.

J. B. Harvey, a witness for the plaintiff, testified that he delivered for the plaintiff a car load of bark, described in the bill of lading, to the agent of the defendant at Oneonta, Alabama, in the name of the plaintiff, to be shipped to Woolman, Lopez & Co. at St. Louis; and that this bark was to be weighed and sold in St. Louis by Woolman, Lopez & Co, for plaintiff. The bill of lading which was issued by the defendant's agent to the plaintiff upon the delivery of the bark, and which was introduced in evidence, was such a bill of lading as is usually given by railroads in the shipment of freight over their lines.

On the cross-examination of the witness, Harvey, he said that the bark belonged to the plaintiff; that he bought it from one L. J. Armstrong, and that the witness paid for it in trade, at the request of the plaintiff, as it was hauled to the station. This witness further testified that L. J. Armstrong gave him an order on the plaintiff to pay for the bark, and that he, the witness, had an interest of something like $40 in the bark; and that the bark was worth about $70. The depot agent of the defendant at Oneonta, testified that he received the car load of bark and gave the plaintiff the bill of lading therefor, and that the shipment was consigned to Woolman, Lopez & Co.

J. D. Allgood, the plaintiff, testified as follows: "It was my bark. I bought it from L. J. Armstrong, and was to pay him $5 per cord for it. They were to pay the freight. This bark was delivered to defendant for shipment to Woolman, Lopez & Co. at St. Louis, about the first of June, year before last." On cross-examination the witness stated: "I was not to pay for the bark until I got returns from the bark from the consignees at St. Louis. Harvey paid for the bark for me. I bought the bark, and was to pay on returns from Woolman, Lopez & Co. If the bark was not good, the parties I bought from were to bear the loss. Harvey holds an order on me from L. J. Armstrong, which I accepted, to

be paid when I got returns from the bark. I have never received any returns from the bark. After I pay Armstrong for the bark, my interest in the proceeds of the bark will be about six dollars, as I get fifty cents per cord as commissions for shipping. I did not employ an attorney in this case, nor tell any one to bring suit. Harvey and I talked about it, and he got me to consent to let the suit be brought in my name. He is to pay the attorney's fees and be responsible for the costs."

L. J. Armstrong, witness for defendant, testified as follows : "I peeled the bark on my land and sold it to J. D. Allgood, but he did not pay me for it at the time. Since then I have received about $42.50, and there is about $20 still due me." On cross-examination witness stated that he had given Harvey an order on J. D. Allgood for $35.90 on the bark, and that J. A. Brice had paid him $7.50 on the bark ; that he did not know whether Brice gave him an additional credit on his account for the bark or not.

This was substantially all the evidence in the case. The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked : (1.) "If the jury believe from the evidence that the car load of bark sued for was delivered to defendant's agent at Oneonta to be shipped to Woolman, Lopez & Co. at St. Louis, Mo., and a bill of lading given therefor, the contract being that consignees should pay the freight on said car of bark, then the right, title and interest in said bark vested in said Woolman, Lopez & Co., and the said J. D. Allgood could not maintain this suit." (2.) "If the jury believe from the evidence that although the bark was not shipped to Woolman, Lopez & Co., at St. Louis, but was shipped and sold at some other point, yet if they believe from the evidence that the bark was paid for, and that Armstrong got the benefit of the payment, then they should find for the defendant." (3.) "If the jury believe the evidence in this case, they should find for the defendant." (4.) "If you believe that Woolman, Lopez & Co., the consignees of the bark, were to weigh the same on its arrival at St. Louis, Mo., and to remit pay for the bark, less the freight, to plaintiff, then the title vested in Woolman, Lopez & Co. at the time of giving the bill of lading, and the plaintiff can not recover."

(5.) "If the jury believe the evidence in this case, this suit is properly the suit of J. B. Harvey, and he cannot recover in this action under the name of J. D. Allgood, and your verdict will be for the defendant." (6.) "If the jury believe from the evidence in the case that the defendant received the bark 'f. o. b.' in Oneonta, Ala., to be transported to Woolman, Lopez & Co. at St. Louis, Mo., the freight to be· paid by said Woolman, Lopez & Co., and the amount of the price of said bark, less the freight, to be sent to plaintiff, then the title vested in Woolman, Lopez & Co., and the plaintiff can not recover, and your verdict will be for the defendant."

There were verdict and judgment for the plaintiff, assessing his damages at $184.84. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

THOS. G. JONES, for appellant.—Under the facts of this case, the plaintiff had no title to the goods; and, therefore, could not maintain an action.—*Robinson & Ledyard v. Pogue*, 86 Ala. 257.

INZER & WARD, *contra*.

BRICKELL, C. J.—The complaint as amended conforms substantially to the form of complaint prescribed by the Code for an action against a common carrier for the failure to deliver goods entrusted to him for transportation, (Code of 1886, p. 793, Form 15) ; and by the mandate of the statute must be deemed sufficient.—Code of 1886, § 2665. The complaint not only conforms to the statutory form, but passes beyond it, embodying an averment that the contract of shipment was made with the plaintiff and for his benefit.

The general rule is, that *prima facie* a bill of lading operates a transfer to the consignee of the title to the goods shipped ; and in the absence of evidence removing the presumption, an action against the carrier for failure to deliver, or for the loss or injury to the goods while in his possession, will lie only at the suit of the consignee. 1 Brick. Dig. 29, § 169 ; *Robinson v. Pogue,* 86 Ala. 257 ; *Capehart v. Furman,* 103 Ala. 671. But if the consignee is not in fact the owner of the goods ; if he is the mere agent or factor of the consignor ; and in the course of

[Louisville & Nashville R. R. Co. v. Allgood.]

transportation the goods are at the risk of the consignor, the right of action resides in him.—Hutchinson on Carriers, § 720.

It was wholly immaterial in any aspect of the case, whether the plaintiff had paid, or offered to pay, or whether the defendant had claimed, demanded or looked to him for payment of, the freight. As a condition to the acceptance of the bark for transportation, the defendant could have demanded the payment of the freight: but having accepted the bark without such demand, from liability the defendant cannot be absolved, by not claiming or demanding payment of freight from the shipper.—Hutchinson on Carriers, §§ 116-17. The part of the first special plea which was stricken out presented an immaterial issue, in which the plaintiff properly refused to join.

If there was error in the striking out the other special pleas, it was error without injury. It is affirmatively shown, that under the general issue, the defendant had the full benefit of the real matter of defense these pleas were intended to present; and that was whether the plaintiff had such title to or interest in the bark as would entitle him to maintain the action. The contention of the appellant, that the pleas were proved, cannot be supported. The evidence, and the proper inferences from it, we may say, is without conflict; that the plaintiff bought the bark from Harvey, and was to pay him the price when sales were made by the consignees, and that partial payments of the price had been made. The plaintiff was the general owner; the consignees were his agents to pay the freight at the point of destination, and to make sales, remitting to him the proceeds less the freight. The facts remove the presumption that title to the bark, or any interest in it, resided in the consignees.

It is unnecessary to comment on the charges in detail. Charge No 2 was properly refused. The fact that Harvey paid Armstrong cannot affect plaintiff's right to recover, especially as it appears that upon making payment Armstrong drew an order on the plaintiff in favor of Harvey for the amount, which plaintiff accepted, payable out of the proceeds of the property. It was a mere substitution of one creditor for another. All the other charges asserted propositions in conflict with the principles we have announced, and were properly refused.

Affirmed.