# Walter *v.* Alabama Great Southern R. R. Co.

*Action Against a Common Carrier for Failure to Safely Deliver Freight.*

1. *Action against common carrier; sufficiency of complaint.*—In an action against a common carrier to recover damages for failure to safely deliver goods shipped over its lines, a count of the complaint which is substantially in the form prescribed by the Code for suit against a common carrier on a bill of lading, with some additional averments made necessary by the suit being brought against the defendant as a connecting carrier, sufficiently states a cause of action and is not subject to demurrer.

[Walter v. Alabama Great Southern R. R. Co.]

2. *Same; contributory negligence no defense.*—In an action against a common carrier. which is not the initial carrier. for failure to safely deliver goods shipped over its line, a plea which sets up contributory negligence on the part of the plaintiff in that the goods were improperly loaded in the car of the initial carrier by plaintiff, or his agent, presents no defense and is subject to demurrer.

3. *Same; same; same; sufficiency of plea.*—In an action against a common carrier for failure to safely deliver goods shipped over its line, a plea which after setting up as a defense the contributory negligence on the part of plaintiff then avers "that the goods were not injured or damaged while in the possession of this defendant" presents a defense, since if the goods were not damaged or injured while in the possession of the defendant there would be no liability on the part of the defendant.

4. *Same; same.*—In such a suit where there were several connecting carriers and an action is brought against the delivering carrier, a plea which avers that the car in which plaintiff's goods were transported was received by defendant from a connecting carrier and was closed and sealed and so remained from the time of its delivery to defendant until it was delivered to plaintiff, and that the contents of the said car could not be seen by defendant without its breaking the seal and opening the car, and that the contents of the car was not visible or known to defendant when it was received from the connecting carrier, and that defendant hauled said carload of goods from the place where it was delivered to defendant to its place of destination in the same condition in which it was received, and delivered same to plaintiff in such condition, and that if said goods were damaged as alleged in the complaint it was not through the fault or negligence of the defendant, and is not subject to demurrer.

5. *Action against common carrier; burden of proof.*—In an action against a common carrier for failure to safely deliver goods shipped over its lines, where it is shown that the defendant was one of several connecting carriers, and was the discharging or delivering carrier, and the contract of affreightment stipulated that the liability of each line is limited to loss of injury occurring on its line, if it appear that the goods were in sound condition when received by the initial carrier, and it is further shown that upon their delivery to the plaintiff they were in a damaged condition, the burden is upon the defendant to show that the damage or injury did not occur while

the goods were in its possession or under its control, as a common carrier.

6. *Action against common carrier; right of consignee to maintain suit for damage to goods shipped over lines of common carrier, and there is no reservation of title by the consignor.* The consignee of goods has the right to sue for their loss or damage by a common carrier, notwithstanding he may not own all of the goods, or when another party may be the owner of them.

APPEAL from the City Court of Birmingham.

Tried before the Hon. CHAS. A. SENN.

This was an action brought by the appellant, Wm. D. Walter, against the Alabama Great Southern R. R. Company to recover damages for loss of and injury to freight which had been shipped over defendant's railroad. The complaint originally filed contained only one count, which was in words and figures as follows: 1. "The plaintiff claims of the defendant the sum of one thousand dollars damages for that whereas, on, to-wit, the 19th day of October, 1901, the plaintiff delivered to New York Central & Hudson River Railroad Company, at Syracuse, in the State of New York, a lot of household goods to be carried to Ensley, Alabama, and there delivered to the plaintiff. Said household goods were delivered to and received by the defendant and by the defendant carried to said Ensley. The defendant received said household goods as a common carrier, and as a connecting carrier on the route between said Syracuse and said Ensley, to be delivered to the plaintiff at said Ensley, for reward. Said defendant did not safely carry and deliver said household goods as it was its duty to do, but, on the contrary, conducted itself so carelessly in and about carrying, transporting and delivering the same, that said household goods were damaged, broken, destroyed, injured and rendered valueless to the plaintiff, to the damage of the plaintiff and in the sum of one thousand dollars, which amount to recover he brings this suit." The complaint was amended by adding two other counts, which were in words and figures as follows: "2. The plaintiff claims of the defendant the sum of one thousand dollars as damages for that on, to-wit, the 19th day of Oc-

[Walter v. Alabama Great Southern R. R. Co.]

tober, 1901, the defendant was a common carrier, and defendant has ever since said date been such common carrier, and that on, to-wit, the said 19th day of October, 1901, the plaintiff delivered to the New York Central & Hudson River Railroad Company, at Syracuse, in the State of New York, a lot of household goods to be carried to Ensley, Alabama, and there delivered to plaintiff, and the defendant as a common carrier as aforesaid operating a connecting line of railway on the route from Syracuse, New York, to Ensley, Alabama, received the said goods and undertook to deliver the same to the plaintiff at Ensley, Alabama, for a reward. And the plaintiff avers that the defendant did not deliver said goods to the plaintiff in good or proper condition or in the condition they were in when received by it, but that said goods when delivered to plaintiff were badly broken, injured and damaged, and a large part thereof rendered wholly unfit for use, and the plaintiff was damaged thereby to the amount above claimed."

To the second count of the complaint the defendant demurred upon the following grounds: 1. Said count does not aver or show that the goods of the plaintiff were in good condition when delivered to the New York Central & Hudson River R. R. Co. 2. Said count does not aver or show that the goods of the plaintiff were in good condition when received by the defendant as a connecting or delivering carrier. 3. Said count does not aver or show that the goods were injured or damaged or broken while in possession or under the control of the defendant. 4. Said count does not aver or show that defendant or any of its agents or servants in any way injured or damaged the goods of plaintiff. These demurrers were sustained.

The defendant pleaded the general issue and assigned special pleas numbered three and four. The substance of the third plea as originally filed, and as amended, is sufficiently shown in the opinion. The fourth plea, as amended was in words and figures as follows: 4. "That the car in which plaintiff's goods were transported was received by the defendant from the Southern Railway Company at Chattanooga in the State of Tennessee, closed and sealed, and remained closed and sealed from

the time of its reception to the time of its delivery to the plaintiff at Ensley. And the defendant avers that the contents of said car could not be seen by the defendant without its breaking the seal and opening the car; and the defendant further avers that the condition of the contents of said car was not visible to this defendant, or its agents, when so received by it from the Southern Railway Company, and that the defendant hauled said carload of goods from the said Chattanooga, Tennessee, to the city of Birmingham in the same condition in which it received said goods, and delivered the same to the plaintiff or a connecting carrier at said Birmingham in such condition, and that if said goods were damaged, as alleged in said complaint, it was not through the fault or negligence of this defendant or its servants."

To the third plea, as amended, the plaintiff filed demurrers, among others, the following: 1. The negligence of plaintiff contributing to the injury to said goods does not relieve the defendant from liability for the injury thereto. 2. The defendant does not show or aver that it was not guilty of negligence in handling or caring for said goods or that it was without fault. 3. The defendant in said plea does not show or allege that the breaking of and injury to said goods were caused solely by the improper loading thereof. 4. The defendant in said plea does not show or allege that the receiving carrier did not know or could not have known that the said goods were improperly loaded when it received the same. The demurrers to the third and fourth pleas, as amended, respectively, were separately and severally overruled.

The other facts of the case are sufficiently stated in the opinion.

The plaintiff requested the court to give to the jury the following written charge, and severally and separately excepted to the court's refusal to give each of them as asked:

(1.) "The court instructs the jury that, if they believe the evidence in this case, they must find a verdict for the plaintiff."

(2.) "If the plaintiff is entitled to recover in this action, he is entitled to recover for injury to all the goods consigned to him, whether all the said goods belonged to him or not."

(3.) "The court instructs the jury that, if they find for the plaintiff in this case, they may award the plaintiff damages for injury to all the goods consigned to him, although some of the said goods may have belonged to the plaintiff's wife."

(4.) "The court instructs the jury that the plaintiff is entitled to recover in this action, unless they find from the evidence that the defendant delivered the said car load of goods to another connecting carrier and ceased from that time to exercise all jurisdiction or control over the said car load of goods, before the delivery of the said car load of goods to the plaintiff."

At the request of the defendant the court gave the general affirmative charge in its favor, and to the giving of this charge the plaintiff duly excepted.

There was a verdict and judgment for the defendant. The plaintiff appeals and assigns as error the rulings of the trial court upon the pleadings, which were adverse to him, and the other rulings of the trial court to which exceptions were reserved.

FRANK DEEDMEYER and JAMES A. MITCHELL, for appellant.

The trial court erred in sustaining the demurrer to the second count of plaintiff's complaint. This is the Code form with the necessary additional averment on account of the defendant being a connecting carrier.—Code, Section 3352, page 946. form 15; *McCarthy & Baldwin v. L. & N. R. R. Co.,* 102 Ala. 193.

The trial court erred in overruling plaintiff's demurrer to the defendant's third plea as amended. It is true that the amendment to this plea contains an averment that the goods were not injured while in the possession of the defendant (page 7 Record), still the plea contains a further averment that the alleged negligence of the plaintiff in loading the goods "proximately contributed" to the injury to the goods, and this is an admission

that the defendant was guilty of negligence.—*McCarthy & Baldwin v. L. & N. R. R. Co.*, 102 Ala. 193.

The trial court should have given the general affirmative charge for the plaintiff, as the evidence was uncontradicted that the goods were injured between the time of shipment and the time of deliverey by the defendant at Ensley, and it was admitted by the defendant that it received the car of goods as a connecting carrier and delivered the same to the plaintiff at the destination. *Southern Express Co. v. Armstead*, 50 Ala. 350; *Mobile & Girard R. Co. v. Williams*, 54 Ala. 171; *Robinson v. Pogue*, 86 Ala. 261; *Southern Ex. Co. v. Caperton*, 44 Ala. 101; *Missouri Pac. R. Co. v. Smith*, 84 Tex. 348, 19 S. W. Rep. 509; *Taylor v. Steamboat Robt. Campbell*, 20 Mo. 254. The presumption is that the defendant received the goods in the same condition that they were in when delivered to the initial carrier, and the defendant failed to rebut this presumption by any proof or to introduce evidence tending to support all the averments of either of its special pleas.—*Louisville & Nashville R. R. Co. v. Jones*, 100 Ala. 263; *Cooper v. Ga. Pac. Rwy. Co.*, 92 Ala. 329.

Each of the charges numbered two and three, requested in writing by the plaintiff, should have been given.

The giving of the general affirmative charge for the defendant was error.—*L. & N. R. R. Co. v. Landers*, 33 Sou. Rep. 482, 135 Ala. 504.

A. G. & E. D. SMITH, *contra.*—There is no presumption raised against the appellee, an intermediate carrier, because the goods were delivered in a damaged condition, and does not cast on the appellee the burden of showing that the goods were in good condition when delivered by it to the delivering carrier.—*M. & E. R. R. Co. v. Culver*, 75 Ala. 587.

The bill of lading, a copy of which is in the record, limits the liability of each connecting carrier to its own line. Even if that were not the contract of affreightment, the law does not hold one connecting carrier liable for loss or damage sustained on the road of another,

unless there be some special contract to that effect.—*M. & E. R. R. Co. v. Culver,* 75 Ala. 587; *K. C. M. & B. R. R. Co. v. Foster,* 32 So. Rep. 773; 134 Ala. 244; *R. R. Co. v. Moore,* 51 Ala. 394; *Jones v. R. R. Co.,* 89 Ala. 376; *G. P. R. R. Co. v. Hughart,* 90 Ala. 36.

Appellant insists that he has the right to recover for all of the goods alleged to have been damaged, in-as-much as he was the consignee, even though only a small portion belonged to him. The undisputed evidence showed that a large part of the goods belonged to his wife. For these goods he could not recover, even if the appellant was liable under the law and evidence, which we confidently assert it is not.—*L. & N. R. R. Co. v. Allgood,* 113 Ala. 168; *Capehart v. Furnace Co.,* 103 Ala. 671.

DENSON, J.—The complaint in this case when filed contained only one count. By leave of the court the plaintiff amended the complaint by adding a second count. The second count is substantially in the form prescribed by the code, No. 15, page 946, for suit against a common carrier on a bill of lading, with some additional averments made necessary by the suit having been brought against the defendant as a connecting carrier. The demurrer to this count was improperly sustained. *McCarthy & Baldwin v. L. & N. R. R. Co.,* 102 Ala. 193; *L. & N. R. R. Co. v. Landers,* 135 Ala. 504.

After demurrers were sustained to count two the complaint was amended by adding count three. The case was tried on counts one and three. To these counts the defendant plead the general issue and two special pleas numbered 3 and 4. The plaintiff demurred to the special pleas, the court sustained the demurrers, the defendant amended the pleas and the court then overruled the demurrers.

Count three as originally written sought to set up contributory negligence on the part of the plaintiff, in that the goods were improperly loaded on the car of the initial carrier by the plaintiff or his agent. That, under contracts of carriage such as are averred in the

31c

first and second counts of the complaint, contributory negligence, on the part of the shipper, is not available as a defense, has been fully and clearly settled by this court. *McCarthy & Baldwin v. L. & N. R. R. Co.,* 102 Ala. 193.

The defendant's amendment to plea 3 was made, by adding at the end of it, these words, "and said household goods were not injured or damaged while in the possession of this defendant." After this amendment the demurrers were refiled and the court overruled them. The plea is substantially the same as plea numbered 6 which was filed in the case last above cited, and in making the amendment, it must have been intended by the pleader, to relieve the plea of the criticism made by this court on that plea, and to negative all negligence on the part of the defendant in relation to the holding and carriage of the goods. The amendment is repugnant to and inconsistent with the admission of defendant's negligence implied in the allegation that plaintiff's negligence contributed to the injury. However, the amendment to the plea within itself, presented a defense to the plaintiff's cause of action. The defendant being the discharging or delivering carrier was liable only for injuries to the property occurring on its own line or while in its possession.—*Montgomery & West Point R. R. Co. v. Moore,* 51 Ala. 394; *Mobile & Girard R. R. Co. v. Copeland,* 63 Ala. 219; *Montgomery & Eufaula Ry. Co. v. Culver,* 75 Ala. 587; *K. C. M. & B. R. R. Co. v. Foster,* 134 Ala. 244.

The plea avers that the goods were not damaged or injured while in the possession of the defendant. Proof of this averment would have acquitted defendant of liability. It being true that the amendment within itself presented a good defense, the plaintiff may have gotten rid of the objectionable features of the plea, by motion to strike the immaterial part of it.—*Bain v. Wells,* 107 Ala. 562; *Ansley v. Bank of Piedmont,* 113 Ala. 467.

Furthermore, the plea attempted to set up two defenses, and to make the defense under the plea effectual, it was incumbent on the defendant to sustain the truth of both these defenses, set up and connected as they were in one plea, and if one defense was good, but could not

avail the defendant without proof also of the immaterial defense, this was no detriment to the plaintiff.—*King v. Peoples Bank,* 127 Ala. 266; *Bienville W. S. Co. v. The City of Mobile,* 125 Ala. 178. We think there was no error in overruling the demurrer as made, to plea three as amended. Moreover, the proof without conflict showed that the goods were properly loaded.—*Mizzell v. Southern Ry. Co.,* 132 Ala. 504.

Plea four as amended, was not subject to demurrer upon the grounds assigned to it, and the court committed no error in overruling the demurrer to that plea.—*McCarthy & Baldwin v. L. & N. R. R. Co., supra.*

The evidence without conflict showed that the plaintiff, William D. Walter, delivered to the New York Central & Hudson River Railroad Company, a common carrier of goods, at Syracuse, New York, a car load lot of household goods to be carried to Ensley, Alabama, and there to be delivered to the plaintiff for a reward. That the goods were in good condition when they were delivered to said carrier; that they were properly packed and properly loaded on the car at Syracuse by the plaintiff; that the car was then closed and sealed by the New York Central & Hudson River Railroad Company. That said company issued to plaintiff a through bill of lading for said car load of goods, to Ensley, Alabama, that the plaintiff was the consignee. In the bill of lading is contained the usual stipulation limiting the liability of each connecting carrier to loss which may occur on its own line. It was conceded that the defendant, Alabama Great Southern Railroad Company, was a connecting carrier en route from Syracuse to Ensley, and that the car of goods involved in this suit passed over its line en route to Ensley. One contention of the plaintiff in the court below was that the defendant, Alabama Great Southern Railroad Company, was the discharging or delivering carrier, and that the goods were delivered by the defendant to plaintiff at Ensley. The defendant in respect to this contention of plaintiff insisted that it delivered the goods to the Southern Railway Company at Birmingham, Alabama, and that it was only an intermediate carrier. The 8th assignment of error presents

for consideration the propriety of the action of the city court in giving the general affirmative charge requested by the defendant in writing.

One of the questions to be considered in connection with this assignment of error is, was there any evidence from which the jury might reasonably have inferred that the defendant Alabama Great Southern Railroad Company, was the discharging or delivering carrier? We have carefully considered the evidence bearing upon this point as set out in the record, and our conclusion is that there was ample evidence from which the jury might have been warranted in drawing the conclusion, and we may add that, it is questionable whether any other inference would be a reasonable one. At least the court was not warranted in giving the charge requested, upon the theory that the evidence did not warrant the submission of this question to the jury. The trial was had before the case of *L. & N. R. R. Co. v. Landers,* 135 Ala. 504,which overruled the case of *N. C. & St. L. R. Co. v. Parker,* 123 Ala. 683, had been decided, and we presume the trial court was influenced in its rulings by the Parker case.

It is well settled that where there are connecting carriers, as in the case at bar, in the absence of a special contract, or some relation between them, each connecting carrier is liable only for a loss or injury on its line. In the case here, we have seen that the contract stipulates that the liability of each line is limited to loss or injury occurring on its own line.—*K. C. M. & B. R. Co. v. Foster,* 134 Ala. 244, and authorities there cited.

If the defendant was the discharging or delivering carrier, and the goods were in good condition when received by the initial carrier, then upon proof made that, when the goods were delivered to plaintiff, they were in a damaged condition, were injured, then it devolved upon the defendant to show the condition of the goods when received by it. In other words, to show that the damage or injury did not occur, while the goods were in its possession or control as a common carrier.—*Montgomery & Eufaula Railway Co. v. Culver,* 75 Ala. 587.

We do not think that the evidence in the case was sufficient to warrant the court in charging the jury as matter of law, that the defendant had met the burden which rested upon it as a delivering or discharging carrier. The action of the court in giving the affirmative charge for the defendant was erroneous.

The evidence showed that the plaintiff was a married man, that the goods were household goods and were used by plaintiff and his wife jointly, prior to the time of shipment, in their house, at Syracuse, New York; that the plaintiff and his wife was moving to Ensley, Alabama, where the goods were shipped, and the goods were shipped to be used at Ensley by them jointly; that a part of the goods belonged to the plaintiff in person and that the articles of said goods that belonged to the plaintiff in person were damaged between the time of shipment and the time of delivery to him at Ensley in an amount between one hundred and twenty-five and one hundred and fifty dollars; that a part of the remainder of said goods had been bought by the wife with money that had been given to her by her husband and that they were bought for use in their house, and the rest of the goods the wife acquired independently of the husband and owned them before the marriage.

In the case of *Southern Express Company v. Armstead,* 50 Ala. 350, the question as to the right of a consignee, who was not the absolute owner of the property, to maintain a suit against the carrier arose, and the court held that; "The consignee of goods has a right to sue for their loss by the carrier, notwithstanding another party may be the owner of them. The obligation is to deliver to him. Generally, the property vests in him by mere delivery to the carrier. Although the absolute or general owner of personal property may support an action for an injury thereto, if he have the right of immediate possession, this does not necessarily divest the right of the consignee to sue, notwithstanding he has never had the actual possession."

Judge Sommerville, speaking for the court, in the case of *Robinson & Ledyard v. Pogue & Son,* 86 Ala. 257, said: "It is commonly held, that the consignee in a bill of la-

ding, where there is no reservation of title by the consignor, has vested in him such a property in the goods as to authorize him to sue the carrier, in his own name, for their injury, loss or recovery, in trover, detinue, or other appropriate action." In the case last cited, the case in 50th Alabama, above quoted from, is cited as authority.

There is nothing decided in the case of *Capehart et al. v. Furman Farm Improvement Co.,* 103 Ala. 671 and *L. & N. R. R. Co. v. Allgood,* 113 Ala. 163, when applied to the facts of the case in hand, that conflicts with the principle above announced.

We think charges 2 and 3 requested by plaintiff are open to the criticism, that it was assumed in each of them, that all of the goods were damaged or injured, and for this reason there was no error in their refusal.

There was no error in the refusal of the court to give charge numbered 1, requested by the plaintiff.

Charge numbered 4, requested by the plaintiff pretermits any inquiry as to whether the injury to the goods occurred on defendant's line, or while in defendant's possession as a carrier, and for this reason, if for no other, its refusal was correct.

For the errors pointed out, the judgment of the city court must be reversed.

Reversed and remanded.

McCLELLAN, C. J., HARALSON and DOWDELL, J.J., concurring.