[Zimmern's Coal Company v. Louisville & Nashville R. R. Co.]

# Zimmern's Coal Company *v.* Louisville & Nashville R. R. Co.

## *Loss of Freight.*

(Decided December 17, 1912. 50 South. 598.)

1. *Carriers; Freight; Parties Entitled to Sue.*—Where the consignee is a mere agent of the consignor without any other interest, the right of action against the carrier for a failure to deliver or for loss or injury to freight while in transit is in the consignor alone.

2. *Same.*—The contract for the sale of coal which contemplates delivery by the seller to a carrier f. o. b. for the buyer and which provides that the carrier's track scales weight at the seller's mine shall govern settlements, does not give the buyer a right of action for a loss of part of the shipment consigned by the seller to its agent, and under section 2490, Code 1907, the agent may not maintain an action for the use of the buyer, although there was a delivery to the buyer of the bill of lading without endorsement.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Action by the Zimmern's Coal Company for the use of the Mobile Electric Company, against the Louisville & Nashville Railroad Company, for the loss of freight in transit. Judgment for defendant and plaintiff appeals. Affirmed.

INGE & McCORVEY, for appellant. The court erred in ruling out all of the evidence introduced by the plaintiff upon the theory that the plaintiff was not entitled to maintain the action under the proof.—*Walter v. A. G. S. R. R. Co.,* 142 Ala. 474; *So. Ex. Co. v. Armstead,* 50 Ala. 350; *L. & N. v. Touart,* 97 Ala. 514; *Jones v. Sims,* 6 Port. 138; *M. & G. R. R. Co. v. Williams,* 54 Ala. 168; 3 Hutchinson on Carriers, 1304; *So. Ry. Co. v. Jones C. Co.,* 167 Ala. 575; *Capehart v. Furman Co.,* 103 Ala. 671. The bill of lading was issued to the plain-

tiff, and the suit was properly brought in plaintiff's name for the use of the Mobile Electric Company.— *Johnson v. Martin,* 54 Ala. 271. The amendment did not work a change of parties.—Section 2490, Code 1907; *Cowan v. Campbell,* 131 Ala. 211. The court erred in refusing to permit plaintiff to amend the complaint by striking out the Zimmern's Coal Company as party plaintiff, thus leaving the suit in the name of the Mobile Electric Company.—Authorities supra. Counsel discuss other assignments of error, but without citation of authority.

GREGORY L. & H. T. SMITH, for appellee. Bills of lading were never assigned to the Mobile Electric Company, and the mere delivery thereof without endorsement did not transfer the title.—*L. & N. v. Barkhouse,* 100 Ala. 543; *Bird v. Beale,* 150 Ala. 127. The proof showed that the plaintiffs acted solely as the agent of the consignor and had no interest whatever in the shipment.—*L. & N. v. Allgood,* 113 Ala. 168; *So. Ry. v. Jones C. Co.,* 167 Ala. 581; 3 Hutch. sec. 1320. The proper remedy to compel the allowance of an amendment is by mandamus.—*Lee v. Harper,* 90 Ala. 548; *Ex parte Sullivan,* 106 Ala. 80. The ruling of the court in excluding the evidence and directing a verdict for defendant was proper.—*Bryant v. So. Ry.,* 137 Ala. 491; *Western Ry. v. Arnett,* 137 Ala. 428; *Childress v. Mann & Co.,* 35 Ala. 206.

WALKER, P. J.—This suit was instituted in the name of the Mobile Electric Company, and its object was to recover damages for coal claimed to have been lost from a number of car loads of coal received by the appellee (defendant below) as a common carrier for delivery at Mobile. The several shipments were made by

the Tennessee Coal, Iron & Railroad Company from its mines at Blocton, Ala.; the consignments being to Zimmern's Coal Company, that company being named in each of the bills of lading as the consignee. The complaint was amended so as to make the suit one by the Zimmern's Coal Company for the use and benefit of the original plaintiff, the Mobile Electric Company. The evidence adduced on the trial disclosed the facts that at the time the shipments were made in the manner just stated the shipper was under contract with the Mobile Electric Company to furnish the.latter a large amount of coal during a period named; the contract providing for shipments over the defendant's road of a stipulated number of cars per week, at specified prices "per net ton of 2,000 pounds f. o. b. cars mines," and containing this provision as to weights: "R. R. track scale weights at the mines to govern all settlements." It was also disclosed by the evidence that the consignee, Zimmern's Coal Company, was the consignor's agent or representative at Mobile, and that it did not have any interest in the coal or in the transaction except as such agent, the witness testifying to this fact stating, however, that "the Zimmern's Coal Company acted as the agent or representative of the Tennessee Coal, Iron & Railroad Company to take these bills of lading and turn them over to the Mobile Electric Company," and the evidence showed that the bills of lading were delivered to that company without being formally assigned to it, and that it received the coal which was delivered from the cars at Mobile. At the conclusion of the evidence offered by the plaintiff, the court granted a motion of the defendant to exclude all of it, to which ruling the plaintiff duly excepted.

We are of opinion that that ruling is supported by the decisions made in the cases of *Louisville & Nash-*

*ville R. R. Co. v. Allgood,* 113 Ala. 163, 20 South. 986, and of *Southern Ry. Co. et al. v. Jones Cotton Co.,* 167 Ala. 575, 52 South. 899. We understand that the necessary effect of those decisions and of the reasoning advanced in support of them is to lead to the adoption of the rule that when the prima facie presumption that the consignee is the owner of the thing is rebutted by evidence showing that he is not in fact the owner, but is the mere agent or factor of the consignor, having no other interest in the shipment or its subject, the right of action against the carrier for failure to deliver, or for loss or injury to the goods while in the carrier's possession, is in the consignor, as the one at whose risk the goods are while in course of transportation—in other words, to recognize the correctness of the proposition, as stated in section 1320 of 3 Hutchinson on Carriers (3d Ed.), "that the consignee who had no property in the goods, either general or special, and incurred no risk in their transportation, cannot maintain an action for their loss or damage. In such case the consignee is regarded as one who is not entitled to maintain an action against the carrier, because the only damage that could have been suffered as a result of the thing complained of was that sustained by the consignor. We cannot assent to the suggestion made in the argument of the counsel for the appellant that the ruling made in the case of *Walter v. Alabama Great Southern R. Co.,* 142 Ala. 474, 39 South. 87, supports the proposition that a consignee of goods may sue the carrier for their loss or damage though he has no property interest in them, or that that ruling in any way limits the effect to be accorded to the decision made in the earlier case of *Louisville & Nashville R. R. Co. v. Allgood, supra.* The facts in the *Walter Case* were that the plaintiff consigned to himself certain household

goods which were owned in part by himself and in part by his wife, the goods being shipped to Ansley, to be used at that place by the two jointly, and that some of the goods which were damaged were owned by the plaintiff in person. A recognition of his right to maintain the action on such a state of facts by no means implies that such a right in him would have been recognized if his only connection with the shipment had been that of a consignee having no interest in the matter except as a mere agent of the consignor, who was the sole owner of the goods.

But it is suggested that it is not alone the right of the nominal plaintiff which is to be considered in determining whether the action is sustainable under the evidence, as the statute (Code, § 2490) provides that "in all cases where suits are brought in the name of the person having the legal right for the use of another, the beneficiary must be considered as the sole party on the record;" and it is urged that the Mobile Electric Company was the owner of the coal, and that the suit could have been maintained in its name. The question as presented will be considered, though the assumption is indulged that the nominal plaintiff was "the person having the legal right." We cannot concur in the view that the fact of the existence at the time the shipment was made of a contract between the shipper and the electric company, the terms of which contemplated deliveries by the former to the latter, or to a carrier for it, f. o b. at the mines of the former, is entitled to be given such effect as to make the electric company the owner from the time a shipment was made of coal consigned by the coal company, not to the electric company, but to the coal company's own agent at Mobile, or in effect to itself. The decision made in the case of *Capehart v. Furnam Farm Improvement Co.*, 103 Ala. 671, 16 South. 627,

49 Am. St. Rep. 60, to which counsel for the appellant refer in support of the contention advanced in this connection, in our opinion does not support that contention. That was a case of a shipment of goods by one who was under contract to deliver them to the consignee "f. o. b. at Guntersville, Ala." It was held that when the seller paid the freight charges and caused the boat upon which the goods were shipped to be landed at Guntersville, with the goods safely thereon, properly consigned to the party so contracted with, it completely filled its contract, and that the carrier then ceased to be the shipper's agent for the custody and care of the goods, and immediately became the agent of the consignee. Instead of such a state of facts being shown in the instant case, the fact is that the coal company made the shipments to its own agent at Mobile. The result was that any one other than the coal company or its agent was a stranger to the carrier's contract. We know of no ground upon which it properly could be said either that the shipment as made had the effect of a delivery by the coal company at its mines as contemplated by its contract with the Electric Company, or that it had the effect of making the carrier the agent, as to the custody and care of the goods while they were in transit, not of the consignor or the consignee, but of a stranger to its contract for their carriage. On the contrary, it seems plain that such a shipment did not divest the consignor of its rights of property in the goods and of making such disposition of them at Mobile as might suit its purposes, but left it free to direct the delivery of the coal to some person other than the electric company. This is none the less true, though, at the times the several shipments here in question were made, it was the intention of the consignor to have those particular car loads delivered to the electric company.

So long as that intention remained wholly unexecuted, the coal did not belong to the electric company, and was not at its risk. The circumstance that the contract with the electric company provided that the railroad track scale weights at the mines should govern all settlements does not require a different conclusion. It seems that this provision would be applicable only as to coal delivered as contemplated by the contract that is, to the electric company, or to a carrier for it, f. o. b. at the coal company's mines. However that may be, the carrier cannot be held to liability to a stranger to it for goods lost before such stranger had acquired any property or interest in the subject of the shipment. The mere delivery of the bills of lading, without indorsement, did not operate as a transfer to the electric company of the title to the subject of the shipment, or to vest it with the right of action of the consignor or the consignee.—*Louisville & Nashville R. R. Co. v. Barkhouse,* 100 Ala. 543, 13 South. 534; *Byrd v. Beall,* 150 Ala. 127, 43 South. 749, 124 Am. St. Rep. 60. One's consignment of goods to his own agent cannot be regarded as a fulfillment of his contract to deliver such goods to another at the place of the shipment, or as having the effect of making the carrier liable to the holder of such an executory contract for loss or injury to the goods while in course of transportation. So long as the coal remained the property of the consignor, and at its risk, any right of action for loss of part of the shipment accrued to it. The evidence did not show that this right of action has in any way passed to the Electric Company. We are not of opinion that the evidence showed that it had such ownership or interest in the coal while it was in transit as to entitle it to maintain an action for loss of part of the coal during that time.

Reference is made in the argument of the counsel for the appellant to what was said in the opinion in the case of *Mobile & Girard R. Co. v. Williams,* 54 Ala. 168, in regard to the necessity of a sworn plea, and it is suggested that such a plea was necessary in this case to enable the defendant to raise the question of the plaintiff's right under the evidence to maintain the suit. That decision was in reference to the requirement of a sworn plea made by rule 29 governing practice in the circuit and inferior courts.—Code, p. 1524. The requirements of that rule are by its terms applicable only when the action is brought by the assignee, transferee, or indorsee of a contract, verbal or written, for the payment of money, or by a plaintiff averring he is the party really interested in such contract. To the only count of the complaint in the present case which alleged an assignment of a contract a sworn plea denying the execution of such assignment was interposed as required by section 5332 of the Code, and the averments of that count were not supported by evidence. In neither of the other counts of the complaint upon which the plaintiff went to trial -was it averred that the plaintiff was the party really interested in the contract referred to, and the averments made did not show such to be the fact. Neither the rule nor the statute referred to required a sworn plea to enable the defendant to raise the question of the plaintiff's right under the evidence to recover on either of those counts.

The conclusion is that the evidence offered did not show a right of recovery in either the nominal or the beneficial plaintiff, and that the court did not err in sustaining the defendant's motion to exclude that evidence. In view of this conclusion, it is not material to inquire whether a proposed amendment of the complaint by striking out the nominal plaintiff should have

been allowed, or whether that question could be raised on this appeal.

Affirmed.

